* Parker, C. J.,
delivered the opinion of the Court. The plaintiff has endeavoured to show, by the facts which appear in the report, that, in pursuance of his contract with Cushman, he did what in law should be considered equivalent to a tender of the money which was to entitle him to a deed.
But this cannot be established. The most that was done by the plaintiff was, to inform Cushman that he was able to procure the *243 money by borrowing ; and the most that was done by Cushman was, to dissuade the plaintiff from borrowing or hiring the money, and to make him understand that no advantage should be taken of the delay of payment. This conduct may have been artful and disingenuous on the part of the defendant, designed to put the plaintiff off his guard, xnd to deprive him of the benefit of his contract. But we cannot give more effect, in a legal point of view, to the acts of the parties, because one of them had more understanding or artifice than the other. A court of equity might possibly afford relief; but we can only administer the law.†
The authorities cited by the plaintiff’s counsel to this point are bottomed upon a very different state of facts. In all those cases, the party intending to perform the contract on his part proved that he was actually ready and had offered to perform, and that the other party had evaded or refused to receive the money offered, or other thing to be tendered, with a declaration, or acts amounting to it, that he did not intend to perform the contract on his part. In such cases it has been wisely determined, that, as an actual tender would be idle and useless, if not impossible, the readiness and offer shall be a legal substitute.‡ He who prevents the performance of a contract shall not take advantage of its non-performance.
But there is another point, upon which the plaintiff relies, which, although apparently well supported by authorities, we wish further time to consider of. According to the evidence reported, Cushman gave time for the performance of the contract by the plaintiff, after it had expired according *to the letter of [*280] it. It was in evidence, that he expressly declared that he would receive the money at any future day, and convey the land according to his written contract.§
If paroi evidence to this effect is admissible, and the fact is not rendered unimportant by other evidence on the part of the defendant,the plaintiff will be entitled to recover. But there was testimony, that, subsequent to the paroi agreement, the plaintiff relinquished all claim under the contract, in consequence of his inability to raise the money. Now, as the enlargement was proved by paroi, the agreement to this effect might be rescinded by parol;ǁ and, if the testimony to this last point was believed by the jury, their verdict cannot be maintained.
But we have no means of knowing whether the cause was put at all upon this point; there being no direction of the judge reported. There must, therefore, be a new trial, to ascertain whether the new *244 bargain remained in force at the time of the actual tender of the money. If the jury, by their verdict, shall establish this point in favor of the plaintiff, the only question will be, whether the paroi enlargement of the time kept alive the contract;† which question can be better discussed and settled standing by itself, than mixed up, as it now is, with several other questions.

New trial granted.

 Vide note to Boyd vs. Stone, 11 Mass. Rep. 349.

 Borden vs. Borden, 5 Mass. Rep. 67.

 Vide Cuffvs. 1 M S. 21. — Warren vs. 3

 Monroe vs. Perkins, 9 Pick. 298.

[† See Long on Sales, Rand's ed., 81-85. — Greenleaf on Evidence, 351 - 353. Blood vs. Goodrich. 9 Wend. 68. But see, also, Buel vs. Miller, 4 N. Hamp. Rep. 196 Ed.]