## The President &c. of the City Bank *versus* Henry Cutter *et al.*

A tender by the indorser of a promissory note, on the day next after it has become due, is not sufficient, without a tender of interest.

No protest is necessary upon the dishonor of a promissory note, and notarial fees cannot be recovered of the indorser.

The day of commencement at Harvard College is not a holiday; but a usage of any bank, in respect to notes falling due on that day, to make a demand on the maker and give notice to the indorser on the day preceding, will be binding on an indorser of a note discounted for him at the bank, who is conusant of such usage; and whether the note is made payable at such bank or not, is immaterial.

In an action on a note discounted by a bank against an indorser conusant of the usage of such bank, an allegation of a presentment and demand on the maker is supported by evidence of a written demand being left at his place of business according to such usage.

Assumpsit against the defendants as indorsers of two promissory notes made by Wentworth & Low, of Boston, and negotiated to the plaintiffs by the defendants.

One of the notes was made on the 22d of April, 1824, for the sum of 510 dollars, payable in four months with grace. The declaration alleged that it was presented to the makers and payment demanded.

In respect to this note, Andrew Johonnot, a clerk in the City Bank, testified, that the third day of grace falling on the 25th day of August, which was the day of the annual commencement at Harvard College, and a holiday on which no business was done at the bank, he on the 24th made out a written demand on the makers and a notice to the indorsers, bearing date of the 25th; that on the 24th, in the afternoon, after the usual hours of business at the bank, he went to the store of Wentworth & Low, in Boston, and finding the door closed, he put the demand on them under the door and into the store; and that immediately afterwards he went to the store of the defendants in Boston, and finding the door shut, he put the notice for them under the door. The witness further testified, that it had been the invariable custom of the City Bank to suspend all business on commencement day, and that when notes fell due on that day, it was the practice to give notice on the day preceding, as in cases where they became due on Sunday; that he understood this to be

the custom of the other banks in Boston, and that he knew it was their custom not to do business on commencement day, nor on the days of election, fourth of July, and Christmas, all of which were regarded as holidays.

Joseph Chapman, cashier of the Boston Bank, testified that it was the custom at that bank, and at all the banks in Boston, to consider the days before specified, as holidays, and when a note falls due on one of them, to give the notice on the day preceding ; but that it was common at the Boston Bank to write on the back of the notice, that the next day being a holiday, no business would then be done at the bank. He also testified that the defendants had done business at the Boston Bank for many years.

Matthew S. Parker, cashier of the Suffolk Bank, testified that it was the custom with the banks in Boston, and particularly the Suffolk Bank, to treat notes falling due on either of the days in question, precisely as if they had fallen due on Sunday ; that it was most usual to date the notifications, in such cases, of the day when they were delivered, but that they sometimes bore date of the third day of grace.

John Pickens, cashier of the City Bank, testified in a similar manner as to the general custom of the banks in Boston, and also stated that the defendants had done business at the City Bank and had had frequent discounts there.

James Dalton, cashier of the Manufacturers and Mechanics Bank, a witness on the part of the defendants, testified that the usage at that bank was, when a note falls due on a holiday, to make the notification bear date of that day, and to direct the messenger to deliver it on the day of the date, and unless the note is made payable at the bank, to present the note with the notification ; that when a note falls due and notice is given on a holiday, the fact is noted on the back of the notification ; and that the bank is not open on such days.

*Lincoln* J. instructed the jury, that if they were satisfied that it was a general custom with the banks in Boston to regard commencement day as a holiday, and when notes fall due on that day, to give notice to makers and indorsers on the day previous, as in the case of their falling due on Sunday,— or if

416

City Bank
v.
Cutter.

they were satisfied that such was the particular custom of the City Bank, and this expressly known to the defendants when they negotiated the note,—the defendants would be bound by the custom, and the jury would consider the demand on the makers and the notice to the defendants as seasonably and properly made; but that if they were not satisfied of this general custom, or of a particular custom of the City Bank expressly made known to the defendants, the verdict should be for the defendants.

The verdict was for the plaintiffs; but if the Court should be of opinion that the demand on the makers, or the notice to the indorsers, was, in manner or time, insufficient or unseasonable, or that the evidence was inadmissible under the declaration, a new trial was to be granted.

The other note in suit was given for the sum of 480 dollars, and fell due on the 28th of September, 1824. The defendants pleaded a tender of the sum of 480 dollars on the 29th of September. The plaintiffs replied that they ought not to be barred by reason of the tender, for that on the 28th of September a demand of payment was made on the makers, and payment not being made, the plaintiffs on the same day duly notified the defendants thereof, and required payment of them; that the defendants thereupon did not pay the note, and the plaintiffs afterwards, on the same day, caused it to be noted for protest by a notary public, and due notice thereof to be given to the defendants on the same day. To this there was a general demurrer

*March* 18th.

*A. Townsend*, in support of the demurrer, contended, that an indorser of a note is entitled to a reasonable time, after notice of its dishonor, to make payment, and that as the defendants had no opportunity to pay the note on the 28th of September, the notice having been given after the bank had closed, the tender on the next day was sufficient, without an offer to pay any interest. Chitty on Bills, (6th ed.) 232, cites *Walker* v. *Barnes*, in 1 Marshall, 36, and 5 Taunt. 240. Neither was the bank entitled to demand the notarial expenses; for an inland bill or a promissory note is not required to be

**417**     protested. *Leftley* v. *Mills*, 4 T. R. 175; *Windle* v. *An*

*drzws*, 2 Barn. & Ald. 696 ; *S. C.* 2 Stark. R. 425 ; *Miller* v. *Hackley*, 5 Johns. R. 375 ; *Young* v. *Bryan*, 6 Wheat. 152 ; *Union Bank* v. *Hyde*, ibid. 573.

In regard to the note for 510 dollars, the averment in the declaration is, that it was presented to the makers for payment ; but the evidence went to excuse the want of a pre sentment ; which is a fatal variance. Chitty on Bills, (4th ed.) 465 ; *Blakeley* v. *Grant*, 6 Mass. R. 388. The notifi cations were dated the 25th of August, but if the note was due on the 24th, they should have been dated on that day. In truth, however, commencement day does not reduce the time of payment, as expressed in a bill of exchange or promissory note. So of the two days of election and the fourth of July. A reducing day must be one which affects the whole commonwealth, making it obligatory in law, or in conscience, to refrain from doing business on such day. Chitty on Bills, (4th ed.) 341, 277 ; *Lindo* v. *Unsworth*, 2 Campb. 602 ; Bayley on Bills, (Phil. and Sewall's ed.) 172 ; *Farnum* v. *Fowle*, 12 Mass R. 91 ; *Jackson* v. *Richards*, 2 Caines's R. 343 ; *Griffin* v. *Goff*, 12 Johns. R. 423. No general usage of the banks was proved, nor was the note in question made payable at any bank, and the usage of this particular bank cannot bind the defendants.

*S. K. Williams*, for the plaintiffs, cited, in regard to the tender, *Shed* v. *Brett*, 1 Pick. 401 ; *New England Bank* v. *Lewis*, 2 Pick. 128. The safest mode of making a demand and giving notice, is by the intervention of a notary, and it is but reasonable that notarial fees should be allowed. In *Nichols* v. *Webb*, 8 Wheat. 326, a notary's book of records was held admissible evidence after his death, to prove a demand on the maker and notice to the indorser. It is customary with the United States Bank and the banks at Nantucket to have promissory notes protested. The proof here supports the allegation of a presentment and demand ; *Stewart* v. *Eden*, 2 Caines's R. 121 ; and besides, the declaration contains a count for money had and received. *State Bank* v. *Hurd*, 12 Mass. R. 172. Whether the note for 510 dollars was due on the 24th or on the 25th of August, is immaterial, for if commencement day was not a holiday, still the notice was

City Bank
*v.*
Cutter.

*April 3d.*

given according to the usage of the bank, known to the defendants, and they might have paid the note the day after commencement. *Lewis* v. *Burr*, 2 Caines's Cas. in Err. 195 ; *Blanchard* v. *Hilliard*, 11 Mass. R. 85 ; *Whitwell* v. *Johnson*, 17 Mass. R. 152 ; *Renner* v. *Bank of Columbia*, 9 Wheat. 582.

PARKER C. J. delivered the opinion of the Court. We are of opinion that the plea of tender is bad, the tender not having been made until the day after the debt became due against the defendants by means of the notice to them of non-payment by the maker of the note.[1] The doctrine of a reasonable time for the indorser to pay, has not been received and acted upon in this country, and is doubted by the highest authority on this subject in England. Our doctrine, as established in the case of *Shed* v. *Brett*, and indeed always practically recognised, is, that the suit may be brought on the very day the note becomes due, after demand and notice, for there is then a breach of the promise.[2] If the note is not paid during the business hours of the day, if the money is to be paid into a bank, a right of action has accrued. Whether a tender at any time during that day to the holder would be sufficient, this case does not call on us to decide.

We are also satisfied, that the notarial fees could not have been demanded, if the tender had been seasonable and sufficient in other respects, because the agency of a notary is not necessary, however it may be for the convenience of the parties.

[1] In strictness a plea of tender is applicable only to those cases, where the party pleading it has never been guilty of any breach of his contract. *Hume* v. *Peploe*, 8 East, 168 ; *Frazier* v. *Cushman*, 12 Mass. R. 277. See *Rose* v. *Brown*, Kirby, 293.

The law in this respect is altered in Massachusetts, so that the payment or the tender of payment of the whole sum due on any contract for the payment of money, although made after the money has become due and payable, may be pleaded to an action subsequently brought, in like manner and with like effect as if such payment or tender had been made at the time prescribed in the contract. Revised Stat. *c.* 100, § 14.

By the common law and the practice of Connecticut, a tender of a debt is good, though the day of payment has elapsed. *Tracy* v. *Strong*, 2 Connect. R. 659.

[2] See *Greeley* v. *Thurston*, 4 Greenl. 479 ; *Crenshaw* v. *M'Keirnan*, 1 Minor, (Ala.) 173 ; *Bayley on Bills*, (Phil. and Sewall's 2d ed.) 345 ; *Wilson* v. *Williman*, 1 Nott & M'Cord, 440. But see *Osborne* v. *Moncure*, 3 Wendell, 170.

We think the counsel for the defendants has satisfactorily shown by authorities, that commencement day cannot be enforced as a day of reduction of the credit on a note, oy the general principles of law.[3] It is not in the language of the common law a holiday, though it is a day of festivity and amusement in the neighbourhood of the university. But it is a fit subject of a usage, which will bind all those dealing with a bank which has adopted it as a day when business is not there to be done. It is found to have been the usage of the City Bank to regard it in this light, and the report finds that the defen lants had express knowledge of this usage. And so also as to the manner of the notice and of the demand.

419

In regard to the supposed variance, we think the objection not tenable. It is held, that if the plaintiff avers that he presented a bill or note and demanded payment, this allegation will not be proved by evidence that the party had absconded, so that the demand could not be made upon him. This is because the fact proved renders a demand unnecessary, and of itself makes an indorser or drawer liable. The case before us is different. An independent fact which is to answer instead of a demand, is not found, but a demand is proved in a form which has been agreed upon by the party to be affected by it, that is, that there is a usage as to this form of demand, to which usage he has given an implied assent. The case of *Jones* v. *Fales*, which stands at the foundation of the law in this commonwealth, and by which hundreds of cases have since been decided, is entirely decisive of this case on this point. In that case the averment, and the evidence to support it, were the same as in this.

We think the note's not being payable at the City Bank makes no difference, as it was there negotiated. On this point also the case of *Jones* v. *Fales* is conclusive.[1]

*Judgment according to verdict.*

---

[3] The holder of a dishonored note is excused from giving notice of nonpayment to the indorser on the *fourth of July*. *Cuyler* v. *Stevens*, 4 Wendell, 566.

[1] See *Weld* v. *Gorham*, 10 Mass. R. (Rand's ed.) 367, n. (a); *Bank of Washington* v. *Triplett*, 1 Peters, 25; *Renner* v. *Bank of Columbia*, 9 Wheat. 581.