The opinion of the Court was drawn up by
Parker C. J.
It seems to be understood in the agreement? that there was no legal tender made by the defendants before the commencement of the suit, and that the tender afterwards cannot avail in defence of the action. The case seems to be, that after a contract is broken, a tender cannot be effectual to bar the action for damages.[1]. 1 Ld. Raym. *108 254; 1 T. R. 464 ; 2 T. R. 275 ; 4 T. R. 579 ; 8 East, 168. This is strict law, but it cannot be relaxed by the Court, and it is doubtful whether a relaxation, if practicable, would be useful.
But under a rule of the Court of Common Pleas, money was brought into court and taken out by the plaintiffs, and the question is, whether the money so brought in was all that was tnen due to the plaintiffs. If it was, judgment must be for the defendants ; if not, the plaintiff must recover all that was due beyond what was so brought in, and their costs of suit.
The debt due on account of the bank notes unpaid, was 20,000 dollars, which, with 20 dollars more for the interest or damages and costs of suit, was the sum brought in under the rule. The plaintiffs deny that this was sufficient, because they are entitled to interest on the sum unpaid at the time the demand was made upon the Worcester bank, at the rate of two per cent, per month. The defendants, on the other hand, insist that interest was due for only one day after the demand was made, they having tendered and offered to pay the whole sum due, with the interest which had accrued on that day, and having deposited the money in the New England bank subject to the order of the plaintiffs whenever they should choose to take it. The question then is, at what rate, and for how long a time, the plaintiff is entitled by law to interest on the 20,000 dollars. We must suppose that this question is raised for the purpose of having the rule in such cases settled, rather than on account of any real controversy between these two banks. The sum of 20,000 dollars was locked up in the vaults of another bank for three or four months, in order that it might be determined which of the parties should lose the interest. With respect to the firs.t claim of two per cent, per month, we think it very clear that it ought to be restricted to the single day that the Worcester bank was in fault. The St. 1811, c. 84, § 3, art. 12, gives the penalty only for so long a time as the neglect or refusal to redeem their bills shall continue.[1] It cannot be said that this con- *109 tinned after an actual tender of all that was due, and a. deposit of the amount in another bank for the use of the plaintiffs. The statute is highly penal, and ought not to be extended by construction beyond the natural meaning of the terms. It was not the fault of the Worcester bank, that the Suffolk bank did not receive all it had a right to claim, the next day after the demand was made. The tender, though not technically good as a defence, is a legal and equitable shield against the just but severe penalty for neglecting and refusing to redeem their bills, from the time when they would have redeemed them but for the refusal of the other party to receive.
We think too that the plaintiffs ought not to recover even simple interest after they might have received their money and refused, under the circumstances of this case. The bank bills or notes sued, were promises to pay money on demand, without any engagement to pay interest. Interest was no part of the contract; but after demand and non-payment interest would be recovered in the form of damages for deten tiou.[2] This claim of damages might be answered before a jury, by proving that it was the fault of the plaintiffs themselves that they had not received their debt, and that the' money had been placed to their order, so that the debtor could not put it to profitable use. If there were any question about the amount due, the case might be different; but where the sum is certain and the creditor refuses to receive his debt, which is not by the terms of the contract on interest, and the debtor deprives himself of the use of the money, putting it under the control of the creditor without any condition, we can see no principle of law or justice which will oblige the debtor to pay interest subsequently. Interest in such cases is damages for detention. The defendants have not detained, but the plaintiffs have voluntarily deprived themselves of their debt.
The reasonableness of this principle has approved itself tc the discriminating mind of Lord Ellenborough, and his opinion, as expressed in the case of Dent v. Dunn, 3 Campb. *110 296, appears to have been acquiesced in by counsel learned ’m the law, and has oeen admitted as sound doctrine in Starkie’s láte treatise on evidence, vol. 3, p. 1396, [5th Amer. ed. vol. 2, p. 781.] He lays down the principle in this form : — u Although a tender of the sum due is not evidence under the general issue in assumpsit, or debt, yet a tender of a sum due on a promissory note, accompanied with a demand of the note, is sufficient to stop the running of interest.”
The case decided by Lord Ellenborough, as reported in Campbell, is this. The action was brought by Dent against the executrix of Dunn, on two promissory notes given by the testator in his lifetime. It appeared that, after his death, his executrix had given her agent a sum sufficient to take up the notes. The agent offered to pay the principal and interest on having the notes dJ'vered to him, but they were mislaid, and so the money was not paid. The agent failed with the money in his hands. Afterwards the notes were found and the action brought. These facts were relied upon in defence of the action, but not admitted as such. A question then arose, to what time interest should be made up. Lord Ellenborough said he thought interest ought to be stopped from the time of the offer to pay. Interest, he said, is a compensation agreed to be paid for the use of money foreborne by the lender at the borrower’s request. It is more frequently recovered in the shape of damages for money improperly detained by the debtor contrary to the request of the creditor. But in neither of these ways can interest run after an offer to pay the principa. upon a reasonable condition, which the party to receive refuses or is not in a situation to fulfil. And a verdict was taken for the principal and interest down to the tender. Here, it will be observed, was no legal tender. The offer to pay was after the notes had become due, and a condition was insisted on, which, however reasonable, would have rendered the offer nugatory as a tender ; but yet it had its effect, because the money was not unlawfully detained, but it was the negligence of the plaintiff in regard to the notes, which prevented the payment.
So in the case before us there was no legal tender, but an *111 offer to pay the money on the same day that the action was commenced, together with a surplus sufficient to cover the interest or penalty which had -accrued ; and upon refusal of the plaintiffs to receive, the money was deposited in a bank for their use, with notice that they might at any time draw it out. The case is more favorable for the defendants than the one cited, and it differs also in this, that here there was no contract for interest, so that it could be recovered only as damages for improper detention, and there was no improper detention. Whereas in the case cited, the promissory notes themselves were without doubt upon interest, it being stated that the offer by the agent was to pay the principal and interest. There too the money was lost, so that the payment of the principal itself was disputed. Here the principal and interest due at the time of the offer, and the costs which had accrued, were at all times after the offer at the disposal of the plaintiffs.
The Court of Common Pleas in England have adopted the same just principle, and applied it more extensively; as appears by the case of Zeevin v. Cowell, 2 Taunt. 202. The case was, that after the action was commenced and before the declaration was made out, the defendant offered to pay the debt and costs, which the plaintiff refused to take and proceeded to make out his declaration. The motion was, that the defendant should be permitted to pay into court the debt and costs up to the time of the offer to pay ; which was allowed, and the plaintiff was made to pay the costs of the application and all subsequent costs. And in the case of Roberts v. Lambert, 2 Taunt. 284, the same order was made. This rule is exceedingly just, as it goes to repress the spirit of litigation, and punishes the party for his vexa,ious proceedings. These cases fully justify us in the conelusion we have come to in the present c’ase, that the money brougnt in under the rule, was sufficient; which having been taken out by the plaintiffs, judgment must be for the defendants for costs after that time.[1]

 See City Bank v. Cutter, 3 Pick. (2d ed.) 418, n. 1 ; Dewey v. Humphrey, post, 187; Maynard v. Hunt, post, 240; Frazier v. Cushman, 12 Mass. R. 277. The law on this subject has been altered by statute, so that the payment or tender of payment of the whole sum due on any contract for the payment of money, although made after the money has become due and pay able, may be pleaded to an action subsequently brought, in like manner and with the like effect as if such payment or- tender had been made at the time *108 prescribed in the contract. Revised Stat. c. 100, § 14. See Tracy v. Strang, 2 Connect. R. 659.

 See Revised Stat. c. 36, § 29.

 See Higgins v. Sargent, 2 Barn. & Cressw. 348.

 See Revised Stat. c. 100, § 15, 16.