## COMMONWEALTH *vs.* DANIEL BYRON.

*It seems*, that the defendant in a criminal case, for the purpose of proving the bias of an important witness for the Commonwealth, may introduce evidence that such witness, having been previously sued by the defendant in an action of tort, was active in procuring this indictment, and had since proposed to do all he could to stop this prosecution, if the defendant would discontinue his action.

An indictment for perjury in testifying before a justice of the peace in the county of Worcester, upon the trial of a complaint for an assault and battery committed upon the defendant by A., B. and C., at G. in that county on a certain day, which avers that the defendant falsely and corruptly swore to certain particulars of an assault and battery upon him by A. and C., at or near the house of C., without showing that the testimony was material, or that the assault was the same charged upon A., B. and C. in the complaint, or that the house of C., or the place of the assault as testified to, was in G., or in the county of Worcester, or within the Commonwealth, is fatally defective, by reason of not showing that the false testimony was material.

HOAR, J.   The defendant, having been found guilty of the crime of perjury in the court of common pleas, filed a bill of exceptions, and also moved in arrest of judgment.

We are inclined to the opinion that one of the exceptions was well taken, and would have entitled him to a new trial, if a new trial were necessary for the final determination of the prosecution.   Mary Sawyer was an important witness for the government.   The defendant offered to show " that before this indictment or any complaint was made against him for perjury, he had instituted an action of tort against Mrs. Sawyer for damages for abducting and harboring the defendant's wife against his consent ; that Mrs. Sawyer was instrumental in obtaining this indictment after the service of said civil action upon her ; and that after this indictment was found, she proposed to the defendant to do all she could to stop further proceedings in this perjury case if the defendant would withdraw his said civil action against her."   But the court rejected the testimony as irrelevant.   The evidence which was thus offered and rejected seems to have been competent to show the bias of Mrs. Sawyer.   *Atwood* v. *Welton*, 7 Conn. 66.   2 Cowen & Hill's notes to Phil. Ev. (3d ed.) 717.

But a question decisive of the case presents itself upon the

motion in arrest of judgment, and we have therefore not thought it important to consider the exceptions in detail. It is well settled that, in an indictment for perjury, it must be expressly averred that the matter in respect to which the perjury was assigned was material, or it must otherwise clearly appear upon the face of the indictment to have been so. It is not sufficient that the indictment shows that it might have been material. 2 Russell on Crimes, (7th Amer. ed.) 639, 642. *Commonwealth* v. *Pollard* 12 Met. 229. *Commonwealth* v. *Knight,* 12 Mass. 277.

There is no averment in the indictment before us, that the testimony of the defendant, respecting which the perjury was assigned, was material; and we must therefore see if the allegations in the indictment show that it must necessarily have been so. The testimony of the defendant is alleged to have been given before a justice of the peace in the county of Worcester, upon the trial of a complaint for an assault and battery committed upon him by Joseph Pinkham, Albert Pinkham and Mary Sawyer, at Grafton in the county of Worcester, on the thirtieth day of November in the year 1857. The indictment then charges that the defendant falsely and corruptly swore upon that trial, that on the said thirtieth day of November " he the said Daniel Byron was standing at or near the outside door of the house of Mary Sawyer aforesaid, and that the said Joseph Pinkham and the said Mary Sawyer seized him the said Byron, and endeavored by force to push and drag him the said Daniel Byron into the house of the said Mary Sawyer, with intent, in his opinion, when in said house, to kill him the said Byron, and that the said Mary Sawyer then and there scratched, cut and wounded him the said Byron, on the back of one of th hands of him the said Byron."

There is no averment that this assault by Joseph Pinkham and Mary Byron was the same assault charged upon the three defendants in the complaint. There is no averment that the house of Mary Sawyer, or the place of the assault to which the defendant Byron thus testified, was in Grafton, or in the county of Worcester, or within the Commonwealth; nor do they appear to have been so from any facts stated in any part

of the indictment. If it was not the same assault, and if the house of Mary Sawyer was not in the Commonwealth, we cannot see how the testimony could have been material. It would certainly not appear to be so by any necessary intendment or implication. All that we could say would be, that the assault to which Byron testified may have been the same, or have had some connection with, the assault charged in the complaint. It probably had; but that does not answer the requirements of the law. All the averments in the indictment may be true, and yet the defendant have not committed perjury by testifying falsely and corruptly upon a matter material to the issue in the cause in which his testimony was given.          *Judgment arrested.*

*G. Swan,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.