## Andrew Baxter v. John Spencer.

*Chattel mortgages: Extension: Unlawful seizure: Payment.* Where a chattel mortgagee has made a distinct arrangement with a subsequent purchaser of the property who has assumed the payment of the mortgage, extending the time of payment four days to a day named, and appointing a specified place of payment, he is not justifiable in seizing the property without cause before the designated day; and payment at the appointed place on the day named will operate as a satisfaction of the mortgage.

*Submitted on briefs January 13. Decided January 21.*

Error to Hillsdale Circuit.

*George A. Knickerbocker,* for plaintiff in error. .

*E. L. & M. B. Koon,* for defendant in error.

GRAVES, J :

Baxter owned a yoke of oxen in 1874 subject to a mortgage made by one Holmes to Spencer. The mortgage was in common form to secure sixty dollars and fifty cents, November thirtieth, 1874, with interest at ten per cent. No place of payment was expressed. Baxter was in possession, and before the mortgage fell due Spencer . called on

Baxter to take possession on it.    Thereupon Baxter gave to
Spencer in writing on a copy of the mortgage in Spencer's
hands, his promise of guaranty of payment of the mortgage,
and that he would pay him two dollars for his trouble, and
hold the cattle until payment.    Spencer thereupon allowed
them to remain in Baxter's possession.    This occurred on
the sixth of July, 1874, or about five months before the
mortgage was to fall due.    On the third of December,
and whilst the cattle were in Baxter's possession, and at a
place some distance from his residence, Spencer seized and
drove them away without Baxter's knowledge or consent.
Baxter then brought replevin; but under the charge by the
court Spencer recovered.    On the trial the foregoing facts
appeared.    There was also evidence tending to prove that
when Baxter made his undertaking in July he offered pay-
ment, and Spencer refused it on the ground that the money
was not due and he preferred it should stand on interest;
that it was then mutually agreed that payment should be
made at Palmer's store in Camden, and that the copy of
mortgage having his guaranty of payment should be left at
the store two or three days before maturity, to consummate
satisfaction; that two or three days previous to the thirtieth
of November Baxter called at Palmer's store for the mort-
gage in question, and it appeared that it had not been
left; that on the thirtieth of November Spencer went to
Palmer's store and inquired if Baxter had left any money
there to pay the mortgage, and was informed by Palmer that
Baxter had been there two or three days before, and had
asked if the mortgage had been left there for him to
pay, and had been told by him, Palmer, that it was not
there, and had not been brought there; that Spencer
then procured Palmer to write Baxter that he, Spencer,
would be at the store on the ensuing Friday, December
fourth, for the money or the oxen; that Baxter received
the letter on Wednesday, and in accordance therewith called
at Palmer's store on the morning of Friday the fourth of
December, and paid in and left the money to satisfy the

mortgage, where it has since remained for that purpose; that Spencer, without having suggested any other time or place of payment, or any change of purpose, or any intent to seize the cattle before Friday, actually seized and drove them away, as before stated, on the day previous.

The court, among other things, charged that if Baxter did not have the money at Palmer's store until Friday, December fourth, and Spencer took the cattle on the third, the taking was lawful, and Baxter not entitled to recover. We think the court erred.

The evidence conduced to show, not only a waiver of all right to take advantage of non-payment on the thirtieth, but also a distinct appointment by Spencer of Palmer's store as the place, and the fourth of December as the time of payment, and it was entirely competent to make the arrangement.—*Franchot v. Leach, 5 Cow., 506; Robinson v. Batchelder, 4 N. H., 40; Manning v. Burges, 1 Chy. Cases, 29.*

And there was no evidence that Spencer had reasonable cause for thinking on Thursday that his security would be endangered by deferring seizure until the next day, and which he had himself set for payment. Besides, the evidence was strong to create an inference that his declarations and conduct were meant to mislead Baxter and afford a pretext for seizing the property.—*Borden v. Borden, 5 Mass., 67; Frazier v. Cushman, 12 Mass., 277; Gilmore v. Holt, 4 Pick., 258.* If the evidence referred to was satisfactory to the jury, Spencer had no right to take the property on Thursday, and in taking it he was a wrong doer, and the payment at Palmer's the next day, in accordance with his own request, was a satisfaction.

The judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.