*Western District*
S.C. #158101
D.C. #66 T 856

## LESTER M. FELTON
and
## BERNADETTE FELTON
v.
## HAROLD F. LORION

Argued: May 9, 1967 Decided: August 17, 1967

*Present:* Garvey, P.J. and Moore, J.

Tried to: *Allen, J.,* in Central District Court of Worcester. S.C. #158101 D.C. #66 T 856

*Garvey P.J.* This action of contract was transferred for trial to the Central District Court of Worcester by order of a Justice of the Superior Court under the provisions of G.L. c. 231, § 102 c. There was a finding for the defendant and the plaintiffs claiming to be aggrieved by the denial of certain of their requests for rulings of law requested a report.

From the report, as amplified, it appears that in December of 1963, the defendant, (builder)

agreed in writing to construct a home for the plaintiffs in accordance with certain plans and specifications. The builder substantially completed his work on or about July 1, 1964. There was prior litigation between the parties in which the builder, after a dispute, sued the plaintiffs for the unpaid portion of the contract price and in *quantum meruit*. In that action tried in September of 1964, there was a general finding for the builder and damages were assessed in a substantial amount. The judgment based on that finding was satisfied in full.

The contract provided that the "builder guarantees dry cellar for one (1) year after completion". There was evidence of water in the cellar at both trials. The plaintiffs, in the present action, claim a breach of this provision. There was also evidence that the plaintiffs prevented full performance of the contract by the builder by "locking him out".

The trial judge in his special findings of fact, said: "I rule that the plaintiffs having prevented the defendant (builder) from finishing the house it does not lie in their mouths to say the cellar condition which they allege does exist would have existed had defendant been permitted to complete his contract".

This ultimate finding, or ruling, determines the rights of the parties. The plaintiffs having breached the contract cannot now attempt to take advantage of one of its provisions.

"He who prevents the performance of a contract shall not take advantage of its non-performance". *Frazier* v. *Cushman,* 12 Mass. 277, 279. See also *Jewett* v. *Warriner,* 237 Mass. 36, 37. *Bucholz* v. *Green Bros. Co.,* 272 Mass. 49, 53.

The trial judge also ruled that the issue in the present case had been litigated in the previous action and was therefore *res adjudicata.* Because of our holding as stated above we need not decide the correctness of this ruling.

**The report is to be dismissed.**

C. A. PEAIRS

of Worcester for the Plaintiffs

JOHN H. GOEWEY

of Worcester for the Defendant