JAMES B. STEELE, executor, *vs.* THOMAS MARBLE.

Barnstable.   May 19, 1915. — June 22, 1915.

Present: RUGG, C. J., BRALEY, PIERCE, CROSBY, & CARROLL, JJ.

*Will,* Execution, Attestation. *Witness,* Attestation of will.

Under R. L. c. 135, § 1, which provides that a will may be signed by the testator "or by a person in his presence and by his express direction," where a testatrix who was physically weak was doubtful as to her capacity to sign her name, and after being told that, if she was unable to sign her name, the nurse could sign it for her, was asked, "Is this agreeable to you?" upon which she "nodded her head and said 'Yes,'" a signature by the hand of the nurse can be found to have been a valid signature of the testatrix.

The nurse of a testatrix, who in her presence and by her express direction signed the name of the testatrix to her will, is a competent attesting and subscribing

witness to the will, the signature attested being under R. L. c. 135, § 1, the signature of the testatrix herself and not that of the person who wrote it.

R. L. c. 135, § 1, does not require that a testator should request the subscribing witnesses to attest his will or that he should declare the instrument to be his will. It is sufficient that the witnesses should attest and subscribe the will in the presence of the testator.

APPEAL from a decree of the Probate Court for the county of Barnstable allowing the will of Esther G. Newcomb, late of Orleans.

The case was heard by *Loring,* J. The evidence is described in the opinion. At the close of the evidence the appellant asked the justice to make the following rulings:

"1. The will was not witnessed by three competent witnesses to the execution and signature by the testatrix.

"2. That the will was not witnessed by three witnesses in conformity with the requirements of the statutes, in that the signature of Margaret Phee who signed the will in behalf of the testatrix could not be legally a witness to the execution of the will.

"3. The will was not executed by Margaret Phee for the testatrix at her express direction on the evidence.

"4. It does not appear that the testatrix at the time of the alleged execution of the will identified the instrument as her will or requested the witnesses to sign the document as her last will.

"5. In order to make the execution of a will valid when executed and signed by a third person as in this case, there must be an express direction coming from the testatrix, and it is not sufficient proof of such direction to show that there was an assent of the testatrix by a nod or motion of the head, and the suggestion of a person in the room at that time that another person signed the will for the testatrix which is assented to by a nod or approval as shown by the evidence is not sufficient evidence of express direction.

"6. That on all the testimony there is not sufficient evidence to warrant a finding and decree that the will was duly executed or that it was executed by Margaret Phee by the express direction of the testatrix."

The justice refused to make any of these rulings, and found and ruled as follows:

"I find that the instrument now presented as the will of Mrs. Newcomb was duly signed by Miss Phee in her presence and by her express direction, and was attested and subscribed in her presence by three witnesses all of whom were competent witnesses for that purpose.

"I am of the opinion that the person who signs the name of a testator by his express direction is a competent attesting and subscribing witness and I refuse the first and second requests for rulings asked for by the contestants.

"I find that the deceased's hands were so crippled with rheumatism that it had been and was hard for her to write; and that in addition, when the time came for her to sign her name to the instrument now propounded as her will she was physically in a very weak condition; that a pen was offered to her and she said 'Oh dear' and thereupon she was asked if she would like Miss Phee to sign her name. To this she nodded her head and said 'Yes.' Therefore I refuse the third and fifth requests for rulings.

"I refuse the fourth request for ruling as not being good in law.

"And the sixth in that it is not correct, having reference to the evidence in this case."

The justice made an order for a decree affirming the decree of the Probate Court and remanding the case to that court for further proceedings; and the appellant alleged exceptions.

The case was submitted on briefs.

*C. H. Sprague,* for the respondent, the appellant.

*W. A. Morse, H. A. Harding & C. G. Morse,* for the petitioner, the appellee.

BRALEY, J. The evidence is ample to show that the instrument offered for probate had been prepared by the express direction of the testatrix to whom the final and complete draft had been read preparatory to its execution. If by reason of physical weakness although possessed of testamentary capacity she was unable to affix her name, the R. L. c. 135, § 1, provides that the will may be signed by the testator "or by a person in his presence and by his express direction." The power to make this disposition of her property having been conferred solely by statute, the first question raised by the appellant's exceptions is, whether the will was executed in accordance with the requirement. *Brettun* v. *Fox,* 100 Mass. 234, 235.

It is plain on the testimony recited in the record, that the single justice was warranted in finding, that the scrivener who drew the will, having informed the testatrix of the presence of the witnesses and that it was ready for her signature, asked her, "Can you sign your name?" and, upon her whispered response "I don't know," he said in substance, "If you are not able to sign your name, the nurse Margaret Phee can sign for you. Is this agreeable to you?" and the testatrix "nodded her head and said 'Yes.'" It necessarily followed from this unambiguous answer, that the testatrix intended and directed that the document before her should be executed in her behalf as her will.

But, if the execution was valid the statute also requires that a will must be attested and subscribed in the presence of the testator by three or more competent witnesses, and the second question relates to the competency of Margaret Phee to act also as a witness. R. L. c. 135, § 1. It is not contended that she had any actual pecuniary interest by which she would have been disqualified. *Hawes* v. *Humphrey,* 9 Pick. 350, 356, 357. R. L. c. 135, § 3. And the argument of counsel for the appellant in effect is, that she could not attest her own signature. But what had been done became by force of the statute the act of the testatrix. It was her will which the witnesses attested even if her name was written by the delegated hand of one of them. *In re Clark,* 2 Curt. Eccl. 329. *Riley* v. *Riley,* 36 Ala. 496, 500. *Robins* v. *Coryell,* 27 Barb. 556. *Scott* v. *Hawk,* 107 Iowa, 723; 4 Prob. Rep. Ann. 255; 70 Am. St. Rep. 228. See *In re Butler's estate,* 14 Prob. Rep. Ann. 395, 406.

It also was unnecessary, as the appellant further urges, that she should have formally requested the witnesses to attest the will. The statute was satisfied when they subscribed in her presence, and no publication was required. *Nickerson* v. *Buck,* 12 Cush. 332. *Tilden* v. *Tilden,* 13 Gray, 110. We accordingly find no error in the rulings at the trial, and the exceptions must be overruled.

*So ordered.*