ELEANOR V. JOHNSON *vs.* THERESE J. STARR, executrix.

Norfolk.    April 7, 8, 1947. — July 3, 1947.

Present: FIELD, C.J., QUA, DOLAN, & WILKINS, JJ.

*Contract*, Rescission, Implied, To make will, Performance and breach.

A plaintiff, who had made with the defendant a contract whereby, in
   consideration of services which the plaintiff promised to render, the
   defendant promised to devise certain real estate by his will to the
   plaintiff, upon the defendant's subsequently conveying the real estate
   to a third person by a recorded deed and stating that the deed "is still
   good and is going to be good," could not recover from the defendant
   for breach of the contract because the time for performance thereof
   by the defendant was his death and had not yet arrived; but the
   plaintiff was entitled to treat the contract as rescinded by reason of
   repudiation thereof by the defendant and to recover from him on
   quantum meruit the value of the services already rendered in accord-
   ance with the contract.

CONTRACT. Writ in the District Court of East Norfolk
dated July 16, 1943.

Upon removal to the Superior Court, the action was
tried before *Baker*, J.

*J. G. Schumb*, (*J. H. Dignan* with him,) for the plaintiff.
*S. T. Abele*, (*G. W. Abele* with him,) for the defendant.

DOLAN, J. This action of contract is brought to recover
for services rendered by the plaintiff to Ingborg Johnson,
who has died since the case was concluded in the court
below. Her will was allowed on March 7, 1947, and letters
testamentary were issued thereon to Therese J. Starr, the
executrix named therein. On motion allowed by this court
she has been permitted to appear and defend the action.
The original defendant will be referred to hereinafter as the
defendant. The declaration as amended is in two counts.
The case was tried to a jury. At the close of the evidence
the judge, upon motion of the defendant, directed a verdict
for the defendant on the first count. The jury returned a
verdict for the plaintiff on the second count. Under leave
reserved the judge, upon the defendant's motion, entered a

verdict for her on the second count, and reported the case for determination by this court of the questions of law involved, the parties having stipulated that if the plaintiff is entitled to recover on either count of her declaration judgment is to be entered for her in the amount of the verdict returned by the jury.

The first count of the plaintiff's declaration alleges, in substance, that "she entered into a contract with the defendant wherein, in consideration of services to be rendered to the defendant, the defendant promised that in her will she would devise certain real estate to the plaintiff and the plaintiff's husband, and that relying on such promise the plaintiff rendered such services to the defendant from March, 1936, to April, 1943; that during said period the defendant on several occasions informed the plaintiff that she had made a will devising said real estate to the plaintiff and her husband; that in April, 1943, the defendant, without cause, informed the plaintiff that she had conveyed said real estate to another and that she had destroyed her will and that she would make no provision for the plaintiff." The second count of the declaration added by amendment is on an account annexed for "services rendered by the plaintiff to and at the defendant's request from August 1, 1936, to April 30, 1943, $546 per year for six years and eight months, total amount due to the plaintiff $3,640." The answer of the defendant set up a general denial and payment. The defence of payment was waived by the defendant in open court. The statute of frauds was not pleaded in defence.

The material evidence set forth in the report would have warranted the jury in finding the following facts: The defendant and her husband operated a farm in South Braintree. The plaintiff was the wife of their son Elmer. In 1931 he and the plaintiff went to live in a house near his parents' farm. From then until August, 1936, when her father-in-law died, the plaintiff rendered services to him for which she expected and received no remuneration. Shortly after his death the defendant said to the plaintiff that she had to make a new will, that "Mr. Johnson is gone . . . in this

other will I left it so he would be taken care of — But now I must make a new one to take his name out — and the property belongs to you and Elmer — That is in my will . . . For helping and doing the work here for us I owe it to you — There is still work to be done and if you will do it, if you will help me out, the property will be yours . . . and Elmer's." The plaintiff agreed saying "All right, then I will continue the way I am." About two weeks later the defendant said to the plaintiff and her husband, "Eleanor, the property here in my will goes to Elmer and you — If you continue . . . helping me until I go this property is going to be yours and Elmer's, for helping out here." A few weeks later the defendant told the plaintiff that she had changed her will and that "This property belongs to you and Elmer when I go." Subsequently she often spoke about what the plaintiff had done, saying that she would "get paid for it through that way." From shortly after the death of the defendant's husband in August, 1936, the plaintiff continued to render services to the defendant for about three hours a day until about April, 1943. The plaintiff received no pay for these services. In 1943 the plaintiff's husband learned that the defendant's granddaughter Myrtle Djerf was coming to live with the defendant. By a deed dated May 1, 1943, the defendant conveyed the premises to this granddaughter. The defendant had said nothing to the plaintiff's husband about any change, but on "Mother's Day" in 1944 she said to him that "she was very sorry that this thing was done." In the deposition taken of the defendant's testimony, the defendant, who was then eighty years of age and in poor health, testified that "she had a will made when her husband was living; that shortly after he died she had another one made; that about the first of May, 1943, she made a deed of her real estate to her granddaughter, Myrtle Djerf, who was then living with her; that such deed was recorded in the registry of deeds at Dedham; that 'It is still good and is going to be good'; that the property has not been transferred back to her." At the time of the trial in the court below the property in question had not been reconveyed to the defendant.

The defendant contends that the present action was brought prematurely since it was begun before the time for performance by the defendant had arrived, that there could be no breach of the contract by the defendant until her death, that there can be no recovery for anticipatory breach of contract, and that therefore the plaintiff could not recover on the first count for breach of the oral contract. The defendant further contends that, since the statute of frauds was not pleaded, the defence that the contract must have been in writing was not open to her, that the present action must lie, if at all, on the first count for breach of contract, and that recovery on the second count on an implied contract could not be had.

We are of opinion, however, that while the plaintiff could not recover on the first count for breach of the express contract, since the time had not arrived for performance on the part of the defendant, *Daniels* v. *Newton*, 114 Mass. 530, nevertheless, the defendant having repudiated the contract by declaration and conduct, the plaintiff became entitled to treat the contract as rescinded at once and to maintain the present action on the second count of her declaration in quantum meruit. In very similar circumstances in *Canada* v. *Canada*, 6 Cush. 15, 18, 19, the court said that "where the contract, though not fully performed, has been rescinded by some act on the part of the defendant, the plaintiff may resort to the common counts to recover for what he had done under the special agreement." In that case the action was assumpsit in quantum meruit just as the second count in the case before us. And in *Ballou* v. *Billings*, 136 Mass. 307, 308–309, where the defendants totally repudiated all obligations on a contract for the conveyance of certain parcels of land to the plaintiff and had conveyed certain parcels of the land to others, although the plaintiff was not in default and had partly performed, the court said that the repudiation did more than excuse the plaintiff from completing a tender, even if for want of tender the time for performance on the defendants' part had not come, that the repudiation authorized the plaintiff to treat the contract as rescinded, that part performance on the part of the party seeking to rescind

does not affect his rights, and that "It is clear that, apart from technical considerations, so far as the right to rescind goes, notice that a party will not perform his contract has the same effect as a breach. . . . Our opinion is sustained by the language of *Daniels* v. *Newton*, 114 Mass. 530, 533." See also *Gillis* v. *Bonelli-Adams Co.* 284 Mass. 176, 179–180; Williston, Contracts (Rev. ed.) § 1466. This principle has been said to be "presumably true everywhere." Williston, Contracts (Rev. ed.) § 1314, note 6, page 3713, and cases cited. The recovery of the value of services rendered on account of a rescinded contract is simply a way of putting the plaintiff in statu quo and is a proper method of restitution. *Canada* v. *Canada*, 6 Cush. 15, 18–19. *Forbes* v. *Appleyard*, 181 Mass. 354, 357, 358. See also Restatement: Restitution, § 40.

With respect to the pleadings we think that no difficulty is presented. The plaintiff had only one remedy, that on the second count in quantum meruit. It cannot be said rightly that the plaintiff had elected to stand by the contract, since she brought her action both ways. *Whiteside* v. *Brawley*, 152 Mass. 133, 134–135.

It follows from what has been said that judgment must be entered for the plaintiff in accordance with the stipulation of the parties in the amount of the verdict returned by the jury on the second count of the declaration.

*So ordered.*