FRANK FITZGERALD, INC. *vs.* PACELLA BROTHERS, INC.

Norfolk.   March 14, 1974. — May 8, 1974.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Contract,* Building contract, Performance and breach, Implied contract.   *Evidence,* Of fair value.

In an action by a contractor which had entered into a contract with the defendant to construct a tunnel, where it appeared that the defendant's engineer unjustifiably ordered the plaintiff to stop work during performance, the plaintiff was entitled to recover in quantum meruit the fair value of the work already done [241-242]; and there was no error in using the unit prices set in the contract as evidence of such fair value [242-243].

CONTRACT.   Writ in the Superior Court dated November 20, 1970.

Judgment for the plaintiff was ordered by *Ford, J.*

*Tanous J. Thomas* for the defendant.

*Clarence V. LaBonte, Jr.,* for the plaintiff.

HALE, C.J.   This action of contract was tried before an auditor under the usual order of reference and, by stipulation of the parties, his findings of fact were to be final.   The auditor filed a report to which the defendant filed a number of objections.   The defendant's motion to recommit was allowed, and the auditor was directed to make additional subsidiary findings in support of a general finding to which the defendant had objected. In compliance with this order, the auditor made and reported additional subsidiary findings.   Thereafter, on the motion of the plaintiff, a judge of the Superior Court ordered the entry of judgment in the amount found by the auditor, and the defendant appealed.   G. L. c. 231, § 96.   As the auditor's report was equivalent to a case stated, it was the duty of the judge, and it is now our

duty, to order the correct judgment on the facts found by the auditor. *Kurtigian* v. *Worcester,* 348 Mass. 284, 289 (1965). *Kilduff* v. *Plymouth County Elec. Co.* 348 Mass. 328, 330 (1965). We summarize the facts found by the auditor.

The defendant contractor was engaged in the construction of an interceptor sewer system for the city of Taunton. Part of this work required tunneling under a railroad track and installing steel sleeving in the tunnel. The plaintiff's president, one Fitzgerald, went to the site at the invitation of one Vitale, a civil engineer employed by the defendant. Vitale showed Fitzgerald the plans and specifications for the project and informed him that the soil at the site consisted of clay with some boulders. Fitzgerald submitted a written proposal for the work which provided for the installation of steel sleeving at a unit price of $84 a linear foot and for additional payments on the basis of time and materials used in the removal of any boulders encountered. Vitale discussed the proposal with John Pacella, a vice president of the defendant corporation, after which the proposal was accepted by Pacella on behalf of the corporation. Work commenced on February 24, 1970. On February 25 or 26 a boulder was encountered which halted the tunneling operation. The plaintiff's attempts to remove the boulder met with no success, and on February 27 Vitale, who had observed the plaintiff's work each day, told Fitzgerald that the job was too big for him and that he was to leave. Pacella saw Fitzgerald moving out with his equipment and asked Vitale why he was leaving. Vitale did not answer; Pacella made no attempt to speak to Fitzgerald or to recall him. It appears from the record that prior to leaving the plaintiff had installed ten feet of steel sleeving and had employed labor and materials in attempts to remove the boulder. The auditor found that the plaintiff was entitled to recover $1,938.09 for the work performed through February 27, plus interest at

one per cent a month, the rate provided in the contract for balances due on bills unpaid after thirty days.

The defendant contends that the plaintiff is not entitled to recover under the contract as it has not fully performed the contract and in support of its contention relies on *Hayeck Building & Realty Co. Inc.* v. *Turcotte,* 361 Mass. 785, 789 (1972), for the principle that one who has not fully performed his contract cannot recover on the contract itself. However, that principle bears no relationship to the issues involved here. In the present case the plaintiff was engaged in the performance of the contract when its work thereon was halted by the order of the defendant's engineer, who had at least apparent authority to act for the defendant. *Neilson* v. *Malcolm Kenneth Co.* 303 Mass. 437, 441 (1939). On the facts found by the auditor that termination was unjustified.

One who prevents the performance of a contract cannot take advantage of its nonperformance. *Frazier* v. *Cushman,* 12 Mass. 277, 279 (1815). The plaintiff, whose full or substantial performance was wrongfully prevented by the defendant, is entitled to recover the fair value of the work and materials furnished pursuant to the contract. *Johnson* v. *Starr,* 321 Mass. 566, 569 (1947). *Beaudoin* v. *Lenza,* 338 Mass. 798 (1959). Williston, Contracts (3d ed.) § 1459. See *Albre Marble & Tile Co. Inc.* v. *John Bowen Co. Inc.* 338 Mass. 394, 399 (1959); *R. Zoppo Co. Inc.* v. *Commonwealth,* 353 Mass. 401, 407 (1967); *Aerostatic Engr. Corp.* v. *Szczawinski,* 1 Mass. App. Ct. 141, 145 (1973); Restatement: Contracts § 346(2). We think that count 3 of the plaintiff's amended declaration sufficiently sets out a claim in quantum meruit under which the plaintiff was entitled to recover for the fair value of the work and materials.

The defendant raises a question as to the method by which the damages were assessed. While it makes no argument that the amount of the damages claimed by the plaintiff and found by the auditor does not represent the fair value of the labor and materials furnished by the

plaintiff pursuant to the contract, it faults the auditor's use of unit prices from the contract as evidence of the value of the ten feet of sleeving installed by the plaintiff. The defendant further argues that the auditor should have considered the fact that the contract called for the removal of boulders, and as the plaintiff failed in this regard it should not be paid for labor and materials used in the unsuccessful attempts. We are not impressed by these contentions. There was no error in the auditor's finding that the sum of $1,938.09 represented the fair value of the labor and materials furnished by the plaintiff under its contract with the defendant. Judgment is to enter in that amount plus interest from the date of the writ.

*So ordered.*