WILLIAM L. O'BRIEN & others *vs.* MUNICIPAL COURT OF THE CITY OF BOSTON & others. July 29, 1980. The plaintiffs, patrolmen in the Boston police department, appeal from a judgment of the Superior Court (G. L. c. 249, § 4) upholding a decision of the Municipal Court of the City of Boston (G. L. c. 31, § 45)[1] which affirmed a decision of the Civil Service Commission finding a one-month suspension of the plaintiffs by the police commissioner to be justified. (G. L. c. 31, § 43.) The commissioner had suspended the plaintiffs for failing to complete a financial questionnaire. The plaintiffs claim that the questionnaire is too broad and invades their rights of privacy.

The appendix in this case does not contain the order of the police commissioner, the decision of the commission, or the transcript of any of the hearings. The appendix is thus insufficient to permit review by us of the plaintiffs' contentions. See *Kunen* v. *First Agricultural Natl. Bank*, 6 Mass. App. Ct. 684, 691 (1978). The questionnaire is not invalid on its face. See *Opinion of the Justices*, 375 Mass. 795, 807-808 (1978). The plaintiffs can prevail only by showing in the factual context facing the commissioner that the questionnaire did not bear a "sufficiently rational connection to the [officers'] . . . ability and fitness to perform [their] official duties." *Broderick* v. *Police Commr. of Boston*, 368 Mass. 33, 42-43 (1975), cert. denied, 423 U.S. 1048 (1976). Since there is nothing in the appendix which presents such a showing, the judgment of the Superior Court must be affirmed.

We note, in any event, that if, as indicated in the decision of the judge of the Municipal Court, the police commissioner had cause to believe that some members of his department may have been involved in widespread illegal gaming activities, he had a right to interrogate his officers as to relevant matters. *Broderick* v. *Police Commr. of Boston*, 368 Mass. at 37-44. See *Baker* v. *Lawrence*, 379 Mass. 322, 330 (1979). A similar and equally broad financial questionnaire was upheld against a challenge on privacy grounds without reference to any such suspicions. *O'Brien* v. *DiGrazia*,

---

[1] See now G. L. c. 31, § 44, as appearing in St. 1978, c. 393, § 11.

544 F.2d 543 (1st Cir. 1976), cert. denied sub nom. *O'Brien* v. *Jordan*, 431 U.S. 914 (1977). The court there stated, "Even in the absence of any basis for suspicion on the part of the Commissioner, a requirement that police officers reveal their finances to the Commissioner serves the public interest in an honest force." *Id.* at 546 n.4. See also *Hastings & Sons Publishing Co.* v. *City Treasurer of Lynn,* 374 Mass. 812, 817-820 (1978); *Opinion of the Justices,* 375 Mass. at 806-809.

*Judgment affirmed.*

The case was submitted on briefs.

*Frank J. McGee & William B. Vernon* for the plaintiffs.

*Francis X. Bellotti,* Attorney General, *& James A. Aloisi, Jr.,* Assistant Attorney General, for the defendants.