NICHOLAS J. PLAKAS *vs.* MICHAEL PLAKAS. January 29, 1981. This is an appeal from an order of a Probate Court judge denying the motion of the contestant of a will to frame jury issues (G. L. c. 215, § 16). We affirm the order, as we agree with the judge's conclusion that none of the issues set forth in the contestant's motion satisfied the criteria required in *Boston Safe Deposit & Trust Co.* v. *Blaisdell*, 333 Mass. 51, 56 (1955), and cases cited therein. There is here no "genuine and doubtful question of fact . . . and evidence of such substantial nature as to afford reasonable expectation of a result favorable to the moving party." *Id.*

1. The expected evidence as to the lack of competency of the testatrix fell short of the evidence held insufficient in *Boston Safe Deposit & Trust Co.* v. *Blaisdell, supra* at 56-58. Neither the use of the mark (see point 2) nor the testatrix's error as to the ownership of some of her assets (see point 4) raises a genuine issue as to her soundness of mind.

2. The expected evidence as to the execution of the will indicated that the will was read to the testatrix before it was signed by her and that all the witnesses were present at the time of execution. The fact that an "X" was placed thereon by the testatrix, or at her direction, does not raise any genuine question of proper execution. See G. L. c. 191, § 1. An examination of the testatrix's signature made immediately preceding the execution by mark shows that it was shaky, and the attorney supervising the will's execution could well have thought that a signature by mark was an added precaution. See *Steele* v. *Marble*, 221 Mass. 485, 487-488 (1915).

3. There was no substantial evidence of fraud or undue influence. An opportunity for someone to exercise undue influence, without more, is not enough to require the framing of jury issues. *Burns* v. *Dunn*, 340 Mass. 526, 528 (1960).

4. The record appendix does not reveal the size of the estate or the extent of the assets as to whose ownership the testatrix was in error. It is thus insufficient to permit review by us of the contestant's claim that the testatrix did not adequately understand the nature of her assets. See *Kunen* v. *First Agricultural Natl. Bank*, 6 Mass. App. Ct. 684, 691 (1978). Even if the testatrix was in error as to the ownership of some of her assets, that fact is not enough. *O'Brien* v. *Collins*, 315 Mass. 429, 434 (1944).

*Order affirmed.*

*Edward E. Kelly* for the plaintiff.
*Robert A. Keating* for the defendant.