MARK IVERSON & another *vs.* BOARD OF APPEALS OF DEDHAM. July 19, 1982. The plaintiffs appealed under G. L. c. 40A, § 17, from the decision of the defendant board, and the judge found that the lots upon which they wished to build single-family residences were not situated within the flood plain district established by the zoning by-law in effect at the time of the plaintiffs' applications for building permits, or in the alternative, special permits. He entered a judgment annulling the board's decision and ordering the building inspector to issue the requested permits. The board appeals, alleging errors which can be resolved only by scrutiny of the documentary and testimonial evidence presented in the trial court but not brought before us.

In preparing its appendix, the board failed to comply with Mass.R.A.P. 8(b)(1) and 18(a) and (b), as amended, 378 Mass. 932, 940 and 941 (1979). See *Kunen* v. *First Agricultural Natl. Bank,* 6 Mass. App. Ct. 684, 685-689 (1978); *Tammaro* v. *Colarusso,* 11 Mass. App. Ct. 44, 45 (1980). Cf. *Wingate* v. *Emery Air Freight Corp.,* 385 Mass. 402, 405 n.5 (1982). Recognizing that a failure to comply with the procedural rules jeopardized the board's appeal, the plaintiffs chose not to exercise their right of counter designation under rule 18(b), lest they inadvertently put before us evidence which might be material to the board's claims and expose the judgment in their favor to risk. Compare *id.*; *Kunen, supra* at 689 n.10.

At oral argument, we brought to the attention of counsel to the board the fact that not one of the exhibits referred to in the board's brief, including the zoning by-law, was before us. When he indicated that he would remedy the defect immediately after oral argument by availing himself of Mass.R.A.P. 9(b), as amended, 378 Mass. 935 (1979), we cautioned him that we might nonetheless decline to go beyond the appendix. See *Kunen, supra* at 685-691; *Ainslie* v. *Ainslie,* 6 Mass. App. Ct. 692, 695 n.3 (1978). The exhibits were delivered to the clerk of this court the next day.

Although rule 9(b) provides, in part, that "the clerk of the lower court shall transmit any exhibit to the appellate court at the request of any party made at any time after the filing of the record appendix," it does not necessarily follow that simply because the exhibits are transmitted, they are properly before us. By relying upon rule 9(b) without having obtained leave of the court prior to oral argument under rule 18(a) to refer to the exhibits omitted from the appendix, counsel to the board has done nothing other than to transfer custody of the exhibits from the clerk of the trial court to the clerk of this court.

There is nothing in rule 18(a) or (b) which precludes us from referring to the exhibits, but we decline to exercise our power to do so. Counsel for the plaintiffs requested that we refrain from doing so because he prepared his brief and oral argument in reliance upon the appendix compiled by the board. He argues that if we excuse the board's procedural noncompliance at this late date, he will, in effect, be penalized for his reasonable expectation that we would require the board to present its appeal in accordance with rules 8(b)(1) and 18(a) and (b). Because this is a case of an inexcusable disregard for the Massachusetts Rules of Appellate Procedure rather than an instance of an inadvertent omission or an isolated misstep, we agree with the plaintiffs.

The board is not entitled to relief from the judgment for all the reasons discussed in *Kunen, supra.*

*Judgment affirmed.*

*Paul D. Maggioni,* Town Counsel, for the defendant.
*Justin C. Barton* for the plaintiffs.