Welsh, J.
This is an action sounding in tort by a pro se plaintiff against an attorney based upon a claim of malpractice in allegedly failing to prosecute her cause of action for property damage arising out of a motor vehicle accident on June 20, 1989.
The plaintiff appears to have been the owner of the motor vehicle and a passenger in the vehicle which was operated by her brother-in-law at the time of the accident. The brother-in-law retained the defendant attorney in regard to his claim for personal injuries. The plaintiff had accompanied the brother-in-law to the office of the defendant and sought to retain him as her attorney. The defendant asserted that he informed her that he was unable to represent her inasmuch as his representing of her brother-in-law in the case would create a conflict of interest. The plaintiff asserts that he undertook to represent her. Although a contingent fee agreement was executed by the plaintiff, it was not signed by the defendant.
The defendant denied any agreement to represent the plaintiff and denied any duty owed towards her, the breach of which might afford a basis for liability.
The plaintiff failed to respond to a demand to admit facts under Rule 36, Dist./ Mun. Cts. R. Civ. R Such failure constitutes a judicial admission of the facts to which the notice relates. Among the constructive admissions are: one, to the effect that the defendant never agreed to represent the plaintiff, and another that there was no negligence.
The circumstance that the plaintiff was not an attorney and sought to proceed pro se does not exempt her from the requirements of the Rules of Civil Procedure. There is no indication in the documents forwarded to this appellate division that *112 the trial judge ever undertook to relieve her of the consequences of her failure to respond nor does it appear that she ever requested such action by the court.
We do not reach the merits of this case. The appellant did not provide a record appendix as required by Rule 18(a), RAD .A. She failed to provide copies of the relevant portions of the pleadings, the findings, or the judgment. See Shawmut National Bank v. Zigami, 30 Mass. App. Ct. 371, 372, 373 (1991). She neither sought nor did this division grant permission to refer to parts of the record not in case appendix. Rule 18(a), third paragraph, RAD.A. Nor did she file a brief articulating her argument. Such failures warrant dismissal of the appeal. Telecon, Inc. v. Emerson-Swan, Inc., 17 Mass. App. Ct. 671, 673 (1984).
The plaintiff neither appeared at the time scheduled for argument, nor did she ask for leave to argue orally, agreeable to Rule 19(c), RA.DA. Filing of a record appendix and a brief is not a mere procedural nicety. Failure to adhere to these requirements manifestly puts the appellee materially at a disadvantage. That disadvantage is not diminished in any way because the appellant is proceeding pro se. It is neither appropriate nor conducive to a rational appellate practice to expect any appellate court to delve into a raw transcript to cull out possible error unaided by the refining process of an appendix which is the distillation of the contentions appellant wishes to raise and the focus for the briefs and promotes orderly presentation and determination of the issues. We determine that the failures of appellant constitute serious missteps and not merely innocuous ones. See Dorrance v. Zoning Board of Appeals of North Attleborough, 7 Mass. App. Ct. 932, 933 (1979).
The appeal is dismissed