211 So.2d 591 (1968)
Donald Gene PAULK, Appellant,
v.
STATE of Florida, Appellee.
No. 67-500.
District Court of Appeal of Florida. Second District.
June 7, 1968.
Rehearing Denied July 11, 1968.
Lee R. Horton, Jr., Public Defender, and J. Michael McCarthy, Special Asst. Public Defender, Lakeland, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
*592 LILES, Chief Judge.
This is an appeal from a denial of a motion filed under Rule 1.850, CrPR, 33 F.S.A. (formerly Rule 1). The appellant raises two points for our consideration. First, he suggests that certain evidence and testimony of an offense other than that for which he was being tried, statutory rape, was erroneously admitted by the trial judge. Evidence of an alleged forced rape, an offense unconnected with statutory rape, was introduced over objection at appellant's trial. The second point for this court to consider concerns the alleged deprivation of appellant's constitutional rights.
In discussing the first question it appears that appellant may have a valid point, however, his argument is not cognizable under Rule 1.850. It has been unanimously held that questions with respect to admissibility of evidence are reviewable only on appeal and not upon a motion to vacate or set aside the sentence under Rule 1.850. Robinson v. State, Fla.App. 1967, 194 So.2d 29; Gobie v. State, Fla.App. 1966, 188 So.2d 33; Ziegler v. State, Fla. App. 1965, 180 So.2d 477; Kirkland v. State, Fla.App. 1964, 165 So.2d 774; Austin v. State, Fla.App. 1964, 160 So.2d 730.
The second contention made by appellant is that he was denied the right to counsel until after he was arraigned and that as a consequence of this it was error to admit into evidence any incriminating statement made before he was given the benefit of counsel. To support this contention appellant cites Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, which renders inadmissible statements elicited by police during an in-custody interrogation if the accused's request to consult with his lawyer has been denied, and Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, relating to the right of a suspect to have an attorney present at an in-custody interrogation. The United States Supreme Court, however, in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, ruled that neither of these cases was to be applied retroactively. Appellant's trial in the instant case took place in 1958, and therefore he can claim the benefit of neither decision. Under the Johnson rule prisoners whose trials were completed at the time Escobedo and Miranda were decided must invoke the substantive test of voluntariness in connection with an attack on a conviction based on a confession. Thus, in the final analysis the sole question to be resolved is whether the incriminating statements made by appellant and used against him at trial were voluntarily made.
There seems to be no single all encompassing test for what is or is not voluntariness. Culombe v. Connecticut, 1961, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037. But a voluntary confession or statement in its generally accepted sense is one that is not improperly compelled or induced by violence, promises or threats. That is, the verbalization should be excluded if the attending circumstances are calculated to delude the prisoner as to his true position or to exert improper or undue influence over his mind. Frazier v. State, Fla. 1958, 107 So.2d 16; Wharton's Criminal Evidence, Confessions and Admissions, § 349. It is those convictions that result from either physical or psychological coercion that must be overturned. Reddish v. State, Fla. 1964, 167 So.2d 858.
Appellant here contends that on the night of his arrest he was driven to various places, interrogated without the benefit of counsel, and made certain statements which were admitted into evidence over his objection. Further, he contends that he was deprived of counsel, despite his requests therefor, until after he was arraigned. It should be noted that there was no assertion of any physical or psychological pressure to confess. At both his arraignment and trial appellant entered pleas of not guilty. Finally, although appellant urges that statements obtained without benefit of counsel and by means of secret detention should be held coerced as a matter *593 of law, the case of Etheridge v. United States, 5th Cir.1967, 380 F.2d 804, held that the law prior to Miranda did not require that a criminal defendant be furnished with counsel prior to and during any interrogation by government agents.
Neither of appellant's points is well taken and the trial judge properly denied the requested relief.
Affirmed.
HOBSON and MANN, JJ., concur.