LILES, Judge.
Appellant Oyarzo was arrested in Tampa and charged in two counts with possession and sale of cocaine. The chain of events which led to Oyarzo’s arrest was initiated in Mexico by undercover agents of the Bureau of Narcotics and Dangerous Drugs. Oyarzo then brought the cocaine to Tampa aboard the Chilean vessel Laja. After the vessel docked in Tampa, Agents Sedillo and Gonzalez met appellant on the dock and again discussed the sale. Oyarzo counted the money which the agents had brought with them, but would not complete the transaction at that time because there were too many people around. Sedillo and Gonzalez returned to the dock that same night, December 7, 1970, at about 10:30 P.M. At that time, Oyarzo told the agents that the cocaine had already been sold to another purchaser. Appellant was then arrested, advised of his rights, and questioned.
 Appellant was tried by a jury and found guilty, and now brings this appeal. He contends that certain incriminating statement made by him should not have been admitted at the trial because at the time he was questioned he had not properly been advised of his rights. We should here point out that appellant Oyarzo speaks no English, and all transactions between him and the agents were in Spanish. When Oyarzo was arrested, his rights under Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were read to him from a Miranda card printed in Spanish. Ordinarily, this reading in Spanish would suffice. However, the record in this case shows that appellant may have been misled as to his actual situation. Agent Sedillo testified as follows:
“Q What transpired the first thirty minutes ?
A The first thirty minutes we had a problem obtaining a key to the vehicle in which we were. There was qute a bit of confusion down at the terminal in getting this man to the U. S. Customs Office. And most of the time during that period, observing that the defendant was in fear, I explained to him that he had nothing to fear, that we would protect him, that we would take care of him, and I would. And I explained to him our system under American laws as far as his rights, being a foreigner.
Q He was in fear? He looked at you as his protector at that time, sir?
A That is correct, sir. After I finished explaining it.” (Emphasis added.)
Oyarzo was advised of his rights by Agent Sedillo, who had previously been his friend and associate. The agent advised the accused of his rights, and then shortly thereafter told him there was nothing to fear. This was compliance with the form, but not the spirit, of the Miranda decision. Even though Oyarzo was correctly informed of his rights, it would not be unreasonable under the circumstances for him to think that he could make any statement without fear of the consequences. A statement should be excluded if the attending circumstances are calculated to delude the accused as to his true position or to exert improper or undue influence over his mind. Paulk v. State, Fla.App. 1968, 211 So.2d 591.
Accordingly, the judgment in this case is reversed and the cause remanded for a new trial.
PIERCE, C. J., and MANN, J., concur.