PER CURIAM.
The appellant was found guilty of second degree murder after a plea of nolo contendere. On appeal, a single point is raised urging that the trial court erred in admitting appellant’s confession and urging that he was psychologically coerced into confessing.
The elements for psychological coercion as it pertains to the admissibility of a confession have been set out in Paulk v. State, Fla.App.1968, 211 So.2d 591, 592:
“ . a voluntary confession or statement in its generally accepted sense is one that is not improperly compelled or induced by violence, promises or threats. That is, the verbalization should be excluded if the attending circumstances are calculated to delude the prisoner as to his true position or to exert improper or undue influence over his mind. Frazier v. State, Fla.1958, 107 So.2d 16; Wharton’s Criminal Evidence, Confessions and Admissions, § 349. It is those convictions that result from either physical or psychological coercion that must be overturned. Reddish v. State, Fla.1964, 167 So.2d 858.”
The appellant claims that coercion grew out of the fact that he voluntarily went to the jail in order to aid a companion, was admitted to a room apart from his friend and was informed that he had been implicated in a murder when his companion made a confession. Appellant further claims that, prior to his visit to the jail, he had spent the night in various bars consuming a good deal of intoxicating liquor and that as a result of these facts he was fearful of the death penalty.
Such facts are not sufficient to establish coercion as a matter of law.
Affirmed.