GRIMES, Judge.
This troublesome appeal comes about as a result of a plea bargain which went awry. Appellant was charged with robbery. On March 1, 1974, he entered into a plea bargain whereby he agreed to change his plea from not guilty to guilty and to testify against others charged in the robbery with the understanding that he would be entitled to a seven and one-half year “cap” upon any sentence which might be forthcoming after a pre-sentence investigation. The bargain was then approved by the court. *314 Thereafter, on the same day, appellant gave a sworn statement to the state attorney implicating both Tony Smith and himself in the robbery. However, in the trial of Tony Smith which took place later in the month, appellant’s testimony was more favorable to Smith. The state was permitted to declare him a hostile witness and to read to the jury portions of his previous statement. Nevertheless, Smith was acquitted.
The state then moved to set aside the plea bargain on the basis that by altering his testimony at the Smith trial appellant had not carried out his part of the agreement. The court compared appellant’s March 1 statement against the transcript of the testimony given at the Smith trial and concluded that appellant had departed from the terms and conditions of the plea bargain. The agreement as to the maximum sentence was set aside; the guilty plea was ordered withdrawn; and a not guilty plea was entered. Thereupon, appellant went to trial.
In the course of the trial, over the appellant’s objection, the state was permitted to read to the jury appellant’s March 1 statement and a deposition consistent therewith which the appellant had given at the instance of another co-defendant. Appellant was found guilty and sentenced to twenty years.
Appellant contends that since the agreement to testify against Smith was part of the plea bargain, his statement and subsequent deposition should not have been introduced in evidence against him after the plea bargain was set aside. Citing State v. Graham, Fla.App.2d, 1970, 240 So.2d 486, and Paulk v. State, Fla.App.2d, 1968, 211 So.2d 591, appellant contends that his admissions were improperly introduced because they were not voluntary.
There is no doubt that under ordinary circumstances a confession or admission is not admissible into evidence if obtained as a result of an inducement or promise by the state. Frazier v. State, Fla.1958, 107 So.2d 16; State v. Chorpenning, Fla.App.2d, 1974, 294 So.2d 54. The application of that rule in the case sub judice would seem to require suppression of the March 1 statement because it resulted from the plea bargain. However, the problem here is that once the appellant deviated from his statement in the Smith trial, the parties could not be put back in the status quo. Jeopardy had already attached with respect to Smith, and the damage done to the state’s case could not be repaired. The adverse effect of one’s own witness becoming hostile is well known to trial counsel. As the court below observed in referring to the March 1 statement:
“This statement was made freely, voluntarily and in the full knowledge and presence of counsel and may not now be withdrawn. To allow this would sanction the total frustration of criminal justice in cases of multiple defendants merely by one of them doing as this defendant has done and then claiming relief from his wrongful act on the basis that since he has again been allowed to change his plea he should also be allowed to withdraw his sworn statement.”
The appellant brought on the problem by changing his testimony. He should not now be allowed to repudiate a statement which he made under oath, in the presence of counsel and after weighing his options, merely because he was guaranteed a sentence less than the maximum in return for it. On the peculiar set of facts of this case, the statement was properly admitted. See State v. Moran, 1887, 15 Or. 262, 14 P. 419.
Our disposition of the March 1 statement controls the admissibility of the deposition. This deposition was given after the trial of Tony Smith and after the state had moved to vacate the plea bargain. It too was given in the presence of appellant’s *315 counsel. In light of the pending motion to vacate, appellant has even less grounds to argue that his deposition was improperly induced by promises made by the state.
Affirmed.
HOBSON, A. C. J., and BOARDMAN, J., concur.