Earl GUNSBY, Petitioner-Appellee,

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent-Appellant.**

No. 76–4291

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 12, 1977.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, Fla., for respondent-appellant.

J. Richard Rahter (Court-appointed), St. Petersburg, Fla., for petitioner-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Earl Gunsby was charged with committing robbery. He entered into a plea bargain with a Florida prosecutor. He agreed to testify against a co-defendant, and the State agreed that Gunsby's maximum sentence would be seven years. Shortly after entering the guilty plea, Gunsby gave a sworn statement to the prosecutor in which he incriminated himself and his co-defendant.

At the trial of the co-defendant, Gunsby's testimony differed from that given in the sworn statement. The co-defendant was acquitted. The State's motion to withdraw Gunsby's guilty plea because of his failure to keep the plea bargain was granted. Gunsby entered a plea of not guilty and went to trial. Over defense objection, the prosecution introduced the inculpatory statement. The jury found Gunsby guilty, and he was sentenced to serve 20 years.

The district court granted Gunsby's petition for a writ of habeas corpus, finding that the sworn statement was part of the

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

aborted plea bargain and that evidence thereof should not have been presented to the jury. The district court ordered Gunsby re-tried in 120 days, and the respondent has appealed.

Subsequent to the district court's order, the Supreme Court decided *Hutto v. Ross,* 429 U.S. 28, 97 S.Ct. 202, 50 L.Ed.2d 194 (1976). In that case a confession made subsequent to a plea bargain was held to be admissible at trial after the plea bargain soured because the confession was not part of the plea bargain. In the case before us the appellant argues that the inculpatory statement was not part of the plea bargain; the appellee contends that it is. The record is unclear on this point. Since *Hutto v. Ross* cannot be applied without this factual determination, we reverse the district court's order and remand for an evidentiary hearing. See *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

REVERSED AND REMANDED.