COMMONWEALTH vs. ANGEL CARTAGENA
(and five companion cases[1]).

Essex. February 2, 1982. — May 14, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Practice, Criminal,* Admissions and confessions, Instructions to jury, Capital case. *Homicide.*

Failure by the judge in a criminal case to consider on his own motion the voluntariness of certain statements made by the defendant to the police did not, in the circumstances, create a substantial risk of a miscarriage of justice. [286-289]

At the trial of a murder case the defendant was not entitled to an instruction in the form requested by him on the question whether the victim had died as the result of an independent intervening cause where the judge covered the subject in his charge with language that was more complete and informative than that requested by the defendant. [289-290]

INDICTMENTS found and returned in the Superior Court Department on January 12, 1979.

The cases were tried before *Garrity,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Albert S. Previte, Jr.,* for Angel Cartagena.

*Nicholas B. Soutter* for Israel D. Martinez.

*Lila Heideman,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendants were found guilty by an Essex County jury of murder in the second degree, robbery, and burglary. During the trial, a third defendant, one Ayala, pleaded guilty to the same crimes. The defendants

---

[1] Two against Angel Cartagena and three against Israel D. Martinez.

argue separate issues on appeal. There was no error, and there is no reason for this court to disturb the verdicts in the discharge of its responsibility to review the convictions of murder in the second degree pursuant to G. L. c. 278, § 33E.

The evidence warranted the jury's finding that the three defendants entered an apartment on Acton Street, Lawrence, during the night of November 17, 1978. They bound and gagged the victim, a seventy-four-year-old man. The next night the victim's sister returned home from a trip and found her brother dead on the floor. The victim had moderate coronary arteriosclerosis and hypertensive heart disease. The probability was good that the victim, tied and gagged, underwent severe emotional distress and sustained a heart attack. The defendants undertook to show that the victim died of natural causes. Each defendant had made incriminating statements to the police, and those statements were introduced at trial. The defendant Martinez argues that his statements should have been suppressed and that the judge on his own motion should have held a voir dire as to the voluntariness of Martinez's incriminating statements to the police.

*Martinez's appeal.* Martinez did not move to suppress his statements to the police, did not request a pretrial or voir dire hearing on the question of the voluntariness of those statements, and did not object to the admission of those statements at trial. He argues, nevertheless, that the judge had an independent obligation to conduct a hearing on the voluntariness of the confession and that his failure to do so raises an issue for appeal. He relies on *Commonwealth* v. *Harris*, 371 Mass. 462, 471-472 (1976), in which, to prevent the likelihood of a substantial risk of a miscarriage of justice, this court reversed a conviction where there was evidence (from the defendant) that his incriminating statements were the result of physical coercion by his police interrogators and where it appeared that the judge had given no attention to the question of the voluntariness of the defendant's statement.

The facts of this case do not demonstrate that there was an involuntary confession which would require a reversal of

Martinez's conviction to prevent a substantial risk of a mis-
carriage of justice.  We reject any rule that would require a
voir dire on the voluntariness of every incriminating state-
ment a defendant may make to the police.  The principal
burden rests on defense counsel to raise such an issue season-
ably.  The judge has no duty to deal with the voluntariness
of admissions unless voluntariness is a live issue at trial.  See
*Commonwealth* v. *Tavares,* 385 Mass. 140, 150 (1982).

In a case subject to G. L. c. 278, § 33E, we will consider
an argument that reversal of a conviction is required to pre-
vent a substantial likelihood of a miscarriage of justice.  See
*Commonwealth* v. *Tavares, supra* at 149-150.  In this case,
however, not only was the asserted involuntariness of Mar-
tinez's statements to the police not shown, but, as will be
seen, there was a reasonable tactical basis for Martinez's
counsel's decision not to challenge the admission of his in-
criminating statements.

The police arrested Martinez at his home at approximate-
ly 3 A.M. on November 21, 1978.  A Spanish-speaking of-
ficer explained that they were conducting an investigation.
Martinez was advised of his Miranda rights in Spanish and
was taken to the police station.  At the station he was again
advised of his rights.  He was given a card with Miranda
warnings written in Spanish, which he signed.  He was
questioned through the Spanish-speaking officer who acted
as an interpreter.  He was not asked explicitly whether he
wanted to talk to the police.  The police told Martinez that
they knew he had been at the victim's apartment.  Then
Martinez was asked whether the victim's death was acci-
dental or intentional.  Martinez replied that he did not
know what the police were talking about.  The defendant
Cartagena, who had previously given a statement to the po-
lice, was brought to the conference room.  Cartagena re-
peated his statement, once in English and once in Spanish.
After Cartagena left the room, Martinez was asked whether
he had anything to say, and he replied by disagreeing with a
trivial aspect of Cartagena's statement.  Cartagena was
then brought back into the room, and Martinez gave his

statement of what happened in the victim's apartment. He agreed that he tied up the victim while Ayala held him down. There was no statement about gagging the victim. He admitted to taking various items of personal property from the apartment.

Martinez argues that his admissions were not given freely and voluntarily. He does not argue the separate, but related, question whether he knowingly, intelligently, and voluntarily waived his rights covered by the Miranda warnings. See *Commonwealth* v. *Garcia*, 379 Mass. 422, 427-428 (1980) . There is no claim of overt physical coercion as in *Commonwealth* v. *Harris*, 371 Mass. 462 (1976). Nor is there any suggestion that the defendant was under the influence of alcohol or some other drug. *Commonwealth* v. *Garcia, supra* at 430 n.4.

Apart from arguing the effect of the environment of the police station itself, the defendant proposes little to support his argument that his statements were involuntarily given. The initial question — Was it an accident or intentional? — might have been preceded by a less direct and less leading question, but it was not improper to ask it. It was not deceptive. Contrast *Commonwealth* v. *Jackson*, 377 Mass. 319, 329 (1979); *Commonwealth* v. *Dustin*, 373 Mass. 612 (1977), cert. denied, 435 U.S. 943 (1978). In any event, Martinez parried the question by stating that he did not know what the police were talking about. Martinez's response was not an invocation of his right to remain silent. Contrast *Commonwealth* v. *Cobb*, 374 Mass. 514, 519 (1978). Nor was it improper to bring Cartagena into the conference room to tell his story. The police may advise a suspect of what they know. These circumstances would have warranted the holding, on motion of the defendant, of a pretrial hearing or voir dire on the question of voluntariness, but the failure of the judge to consider the question on his own motion presents no substantial likelihood of a miscarriage of justice.

The record shows that Martinez's counsel may have made a reasonable tactical choice in not challenging the admissi-

bility of Martinez's statement. Martinez did not testify at trial. His statement admitted commission of the robbery but gave no indication of any intention to cause the victim's death. In the absence of testimony from Martinez, his statement provided a basis for arguing that the death was not intended but was the result of natural causes. The jury rejected a verdict of guilty of murder in the first degree, even while finding him guilty of both robbery and burglary. Thus, the admission of Martinez's statement may well have been beneficial in avoiding a conviction of murder in the first degree. Defense counsel's deliberate choice not to challenge the admission of Martinez's statement is indicated by the fact that the judge held a pretrial hearing on Ayala's motion to suppress his statements to the police. Martinez's counsel was present at the hearing on Ayala's motion and did not file his own motion.

In all the circumstances, there was no "'affirmative,' 'credible' evidence of involuntariness which triggers a *Harris* voir dire." *Commonwealth* v. *Brady,* 380 Mass. 44, 50 (1980). Moreover, the trial tactic of not challenging the admissibility of Martinez's statement appears to have been a reasonable one at the time it was chosen.

*Cartagena's appeal.* Cartagena argues a single issue on appeal. He objects to the judge's failure to give an instruction in the form requested on the question whether the victim died as the result of an independent intervening cause. He contends that the victim died from natural causes or from the consequences of acts of others who, he claimed in his statement to the police, broke into the victim's apartment after he left it. The judge covered the subject in his charge with language that was more complete and informative than the charge the defendant requested. A defendant has no appellate issue of merit when the judge charges a jury properly but not in the exact language requested by him. *Commonwealth* v. *Rhoades,* 379 Mass. 810, 822 (1980). *Commonwealth* v. *Harris,* 376 Mass. 201, 208 (1978). *Commonwealth* v. *Aronson,* 330 Mass. 453, 458 (1953). Although Cartagena's counsel appears to have objected to the

judge's failure to charge as requested, he did not object to the judge's instructions as given on the matter of intervening cause. See *Commonwealth* v. *McDuffee,* 379 Mass. 353, 357 (1979). Mass. R. Crim. P. 24 (b), 378 Mass. 895 (1979). Indeed, the transcript appears to indicate that counsel agreed that the judge substantially covered the subject. In the absence of an objection to the charge as given, we consider the defendant's argument only to determine whether there was a substantial likelihood of a miscarriage of justice. See *Commonwealth* v. *Wood,* 381 Mass. 545, 547 (1980). We find no such likelihood.

*Review under G. L. c. 278, § 33E.* We have reviewed the record and have concluded that there is no basis to alter the verdicts of guilty of murder in the second degree. The evidence warranted the jury's finding that the defendants broke into the apartment and left an old man bound and gagged on the floor of his bedroom. No mitigating circumstances have been brought to our attention and none appears on the record.

*Judgments affirmed.*