COMMONWEALTH *vs.* THOMAS SPERRAZZA. February 11, 1987. *Practice, Criminal,* New trial, Voluntariness of statement.

The defendant was convicted of murder in the first degree. A Superior Court judge subsequently granted the defendant's motion for a new trial, reasoning that the defendant's confession had been admitted in evidence without the judge's finding that it was made voluntarily beyond a reasonable doubt (see *Commonwealth* v. *Day,* 387 Mass. 915, 920-921 [1983]; *Commonwealth* v. *Tavares,* 385 Mass. 140, 152, cert. denied, 457 U.S. 1137 [1982]), and that the defendant may have made his statements relying on a plea agreement and related statements which the defendant thought granted him immunity. The Commonwealth appealed. At trial, the judge had found that the statement was voluntary by a preponderance of the evidence, and that the jury would be warranted in finding the statement voluntary beyond

a reasonable doubt. We affirm the judge's granting of the defendant's motion for a new trial.

Granting a motion for a new trial is within the discretion of the judge, and we will overturn his decision only if there was an abuse of that discretion. *Commonwealth* v. *Preston*, 393 Mass. 318, 324-325 (1984). *Commonwealth* v. *Cook*, 380 Mass. 314, 320-321 (1980). The judge had presided at trial, and was in the best position to evaluate not only the credibility of witnesses, but also the standard the judge had applied in admitting the defendant's statements. See *Commonwealth* v. *Grace*, 397 Mass. 303, 307 (1986); *Commonwealth* v. *Preston, supra* at 324; *Commonwealth* v. *DeChristoforo*, 360 Mass. 531, 542 (1971). We conclude that the judge would have been warranted in concluding that reasonable doubt might have existed whether the defendant's statement was voluntary, because of statements made by the prosecutor relative to the plea agreement and because of the defendant's ongoing relationship with the prosecutors, receiving favorable treatment in return for cooperation. Therefore, the judge did not abuse his discretion in granting the defendant's motion for a new trial.

The Commonwealth argues that the voluntariness of the statement was never a live issue at trial, and that the judge was therefore not required to rule on that issue. See *Commonwealth* v. *Alicea*, 376 Mass. 506, 523 (1978). We disagree with the Commonwealth's analysis. The defendant's motion to suppress asserted that his statement was "privileged under the terms of his plea agreement" with the district attorney's office, and did not expressly raise the voluntariness of his statement. Nevertheless, we conclude that the judge was warranted in treating the defendant's assertion of his reliance on privilege under the plea agreement as raising the issue of voluntariness; we note that whether a judge may raise voluntariness sua sponte is a different question from whether a judge must raise voluntariness sua sponte. See *Commonwealth* v. *Cartagena*, 386 Mass. 285, 288-289 (1982); *Commonwealth* v. *Alicea, supra; Commonwealth* v. *Harris*, 371 Mass. 462, 471-473 (1976). The judge was warranted in concluding that the issue of voluntariness of the defendant's statements had been raised. See *Gunsby* v. *Wainwright*, 596 F.2d 654, 655-656 (5th Cir.), cert. denied, 444 U.S. 946 (1979).

*Order setting aside verdict and granting*
*motion for new trial affirmed.*

*Stephanie Martin Glennon*, Assistant District Attorney (*Charles J. Hely*, Assistant District Attorney, with her) for the Commonwealth.

*Robert L. Sheketoff* for the defendant.