85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry Young LANGFORD, Petitioner-Appellant,
v.
Robert E. LECUREUX; Frank J. Kelley, Attorney General,
Respondents-Appellees.
 No. 95-1820.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1996.
 
 1
 Before: NELSON and MOORE, Circuit Judges; CLELAND, District Judge.*
 
 ORDER
 
 2
 Terry Young Langford, a pro se Michigan state prisoner, moves for counsel on appeal from a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Langford was convicted by the Berrien County Circuit Court, after waiver of a jury trial, on November 7, 1975, of two counts of first-degree murder. He was sentenced to life imprisonment. His convictions were affirmed by the Michigan state courts, and the United States Supreme Court denied discretionary review. See People v. Langford, 256 N.W.2d 578 (Mich.Ct.App.1977), cert. denied, 440 U.S. 964 (1979). After an unsuccessful series of state post-conviction proceedings, Langford filed a petition in federal district court, claiming that the convictions were obtained by use of a confession induced by a grant of immunity under a plea bargain agreement thereby violating his Fifth Amendment rights. He further claimed his Sixth Amendment right to effective assistance of counsel was violated because of a failure to object to the use of the confession at trial. This prior petition was dismissed on the merits by the district court on March 4, 1981. The Sixth Circuit affirmed that decision. See Langford v. Anderson, No. 81-1384 (6th Cir. May 4, 1982) (unpublished). Langford then filed a second habeas petition which was dismissed as duplicative of the issues raised in the earlier petition pursuant to Rule 9(b), Rules Governing § 2254 Cases. Also of note is the fact that during the years 1990 through 1993, Langford pursued a motion for relief from judgment in the Michigan courts, pursuant to Michigan Court Rules Chapter 6.500, in which two of the four issues presented in the petition now before this court were raised, including ineffective assistance of appellate counsel and an equal protection claim. The Michigan courts denied review of the merits for the reason that Langford had not demonstrated "cause and prejudice" or actual innocence as required under that chapter.
 
 
 4
 Langford then filed the petition now before this court, claiming that: 1) he was denied the effective assistance of appellate counsel when counsel failed to preserve the suppression issue for appellate review; 2) he was denied due process due to prosecutorial misconduct when the confession was admitted into evidence; 3) he was denied due process and equal protection despite his case's similarity to the cases of Gunsby v. Wainwright, 596 F.2d 654 (5th Cir.), cert. denied, 444 U.S. 946 (1979), and People v. Jones, 331 N.W.2d 406 (Mich.1982), cert. denied, 460 U.S. 1084 (1983); and 4) he was denied due process when the state trial judge who resolved petitioner's Rule 6.500 motion was also the judge who presided over petitioner's preliminary examination and bound him over for trial.
 
 
 5
 The matter was referred to a magistrate judge, who recommended that this third petition be denied under the successive petition and the abuse of the writ doctrines. After considering this report and recommendation de novo, as well as the objections Langford filed with the court, the district court adopted the report as the opinion of the court, and dismissed the petition by order entered July 18, 1995. This timely appeal followed.
 
 
 6
 Upon review, we conclude that the district court properly denied Langford's petition for a writ of habeas corpus, in part, because his second and third grounds for relief have already been decided against him on the merits. Hence, these issues were properly dismissed as successive. See Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Because Langford has not made a colorable showing of factual innocence, the ends of justice do not require that we review these claims again. See McCleskey v. Zant, 499 U.S. 467, 494 (1991).
 
 
 7
 Langford's habeas petition also constitutes, in part, an abuse of the writ under the second clause of Rule 9(b) of the Rules Governing § 2254 Cases, because he sought review of claims he could have raised at an earlier opportunity, but for his inexcusable neglect to do so. See McCleskey, 499 U.S. at 493-94. Moreover, Langford has not met his burden of establishing cause and prejudice to excuse his default. Id.
 
 
 8
 Accordingly, the motion for counsel is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation