NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-882

HAITIAN NAZARENE CHURCH OF MALDEN

vs.

IMANI TEMPLE, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case concerns a purchase and sale agreement under which the defendant, Imani Temple, Inc. (Imani), had agreed to sell real estate to the plaintiff, Haitian Nazarene Church of Malden (Haitian Nazarene). After a trial, the jury returned a verdict for Haitian Nazarene on the special question of whether Imani had repudiated and thus breached the contract. Imani appeals from the denial of its motion for a new trial, in which Imani argued that the jury verdict was against the weight of the evidence. Repudiation is a definite and unequivocal manifestation of intention not to perform one's obligations under a contract. See Coviello v. Richardson, 76 Mass. App. Ct. 603, 609 (2010). There was abundant evidence at trial from which a jury could find that Imani clearly and unequivocally communicated that it would not move forward with the sale of the

real property at issue, to wit:  prior to the agreed upon closing date, Imani's agent sent an e-mail message explicitly stating that Imani would not move forward with the sale, and Imani's representatives did not appear for the closing.  Because the record plainly supports the jury verdict, the judge did not abuse his discretion in denying the defendant's motion.  Accordingly, we affirm.

Background.  On December 22, 2016, Haitian Nazarene and Imani entered into a written purchase and sale agreement (the agreement) for the purchase and sale of 264 Salem Street, Malden, Massachusetts (the property).  The agreement was signed by Leslie Philippe, an associate pastor and the secretary of Haitian Nazarene, and Reba Danastorg, treasurer of Imani.  Under the agreement, Haitian Nazarene agreed to purchase, and Imani agreed to sell the property for $500,000, with the closing to occur on October 31, 2017, at 11:00 A.M.  Upon execution, Haitian Nazarene delivered a $15,000 deposit to Imani.

The purchase and sale agreement also required Haitian Nazarene to "use diligent efforts to obtain a written unconditional commitment for mortgage financing in the amount of $350,000 at prevailing rates, terms and conditions by September 15, 2017."  Haitian Nazarene approached Leader Bank to secure the mortgage financing, and in furtherance of those efforts an appraiser asked Imani to provide access to the property prior to

2

September 15, 2017.  Imani, however, initially refused to allow the appraiser access to the building; it relented and allowed the appraiser to enter the premises only after Haitian Nazarene commenced a legal action to compel access.  On September 20, before Imani had allowed the appraiser to access the building, Danastorg sent a letter to Haitian Nazarene's attorney in which she stated Imani's position that Haitian Nazarene had "materially breached" the contract because Haitian Nazarene had failed to obtain the required mortgage commitment by September 15, 2017.  Danastorg reiterated Imani's position in an October 6, 2017 e-mail message to an attorney representing Leader Bank in connection with the sale of the property.  The October 6 e-mail message contained the following statement:  "We are not moving forward with this sale and have notified counsel for the Nazarene church" (emphasis omitted).

As of the originally agreed upon closing date of October 31, 2017, Haitian Nazarene Church had received a $350,000 commitment letter dated October 17, 2017, from Leader Bank, and had sufficient funds in its savings account at Leader Bank to finance the remaining $135,000 of the purchase price.  Representatives of Haitian Nazarene appeared at the registry of

deeds on October 31, 2017, to close the transaction, but Imani's representatives did not appear.[1]

Haitian Nazarene sued Imani for breach of contract, seeking specific performance.  At trial, the jury was presented with special questions, and returned a verdict for Haitian Nazarene on the first question -- finding that Imani had repudiated the contract.  The judge ordered specific performance of the contract.  Imani thereafter filed a motion for a new trial, which the judge denied.  This appeal followed.

Discussion.  We review the denial of a motion for a new trial for an abuse of discretion.  See Commonwealth v. Sperrazza, 399 Mass. 1001, 1002 (1987).  We afford particular deference when, as here, the motion judge is also the trial judge.  See Commonwealth v. Bowie, 25 Mass. App. Ct. 70, 84 (1987) (a judge may deploy their "knowledge of what occurred at trial").  When deciding a motion for a new trial, the motion judge may set aside the jury verdict if it is against the great

---

[1] Despite Imani's September 20 and October 6 statements that it would not go through with the sale, the parties met on October 23, 2017, at which time the parties considered a written document that would have extended the closing date to December 6, 2017.  Although at some point, Danastorg purported to sign the written extension on behalf of Imani, Danastorg inserted an additional term -- that the extension was contingent on Imani's "relocation of place.".  Haitian Nazarene did not agree to the added contingency and accordingly refused to sign the document. The proposed document thus was not agreed to by both parties, and on appeal Imani has not raised an argument based upon any alleged extension of the closing date.

4

weight of the evidence, such that allowing it to stand would constitute a miscarriage of justice.  Wojcicki v. Caragher, 447 Mass. 200, 216 (2006), quoting Spiller v. Metropolitan Transit Auth., 348 Mass. 576, 580 (1965).

The question before us, accordingly, is whether the motion judge abused his discretion when he denied the motion for new trial, concluding that "the trial evidence supported the jury's verdict" that Imani repudiated, and thus breached, the purchase and sale agreement.  Repudiation "is a material breach, and '[i]n order to operate as a discharge of the other party, the repudiation must be either with respect to the entire performance that was promised or with respect to so material a part of it as to go to the essence.'"  Coviello, 76 Mass. App. Ct. at 609, quoting Bucciero v. Drinkwater, 13 Mass. App. Ct. 551, 555 (1982).  Repudiation by one party relieves the other party of the obligation to further perform, as long as the party's actions amount to "a definite and unequivocal manifestation of intention [not to render performance]."  Id., quoting Hammond v. T.J. Litle & Co., 82 F.3d 1166, 1178 (1st Cir. 1996).

The trial record abundantly supports the jury's finding that Imani repudiated the agreement.  First, Danastorg's October 6 e-mail message was a clear and unambiguous statement that Imani did not intend to move forward with the sale of the

5

property.  This statement constituted a repudiation of the entirety of Imani's contemplated performance under the agreement.  Second, Imani's representatives did not appear on the agreed-upon closing date of October 31, 2017.  Coupled with the unambiguous assertion in the October 6 e-mail message that Imani would not follow through with the sale, failure to attend the closing plainly indicates repudiation, supporting the jury's finding.  See Bucciero, 13 Mass. App. Ct. at 556 (failure to appear on the agreed upon closing date "clearly manifested [the party's] refusal to perform the agreement").

Imani argues on appeal that its decision to refuse to go forward was justified because Haitian Nazarene was the first party to materially breach the agreement, when Haitian Nazarene failed to provide written confirmation of mortgage financing by September 15, 2017.  The weakness of this argument is exposed by the statements of Imani's own lawyer during closing argument at trial, when he conceded that Danastorg erred, under the circumstances, in assuming that the contract was at an end when Haitian Nazarene did not provide confirmation of financing by the original deadline.

But in any event, there was more than sufficient evidence to support the jury's conclusion that Haitian Nazarene did not breach the contract, and indeed was "ready, willing, and able to perform its part of the contract."  While it is true that the

6

mortgage commitment was not secured as of September 15, Imani's brief fails to mention the evidence that Imani's own actions prevented Haitian Nazarene from meeting that September 15 deadline. A party "who prevents the performance of a contract cannot take advantage of its nonperformance." Winchester Gables, Inc. v. Host Marriott Corp., 70 Mass. App. Ct. 585, 596 (2007), quoting Frank Fitzgerald, Inc. v. Pacella Bros., Inc., 2 Mass. App. Ct. 240, 242 (1974). See Lobosco v. Donovan, 30 Mass. App. Ct. 53, 56 (1991) ("it is fundamental that a promisor may not avoid his promised performance based on the nonoccurrence of a condition, where the promisor has himself hindered or prevented its occurrence"). That is what happened here -- at least, the jury could reasonably so find -- when Danastorg refused to admit the appraiser to the property and thereby delayed Haitian Nazarene in obtaining a financing commitment prior to September 15.[2] Moreover, Haitian Nazarene proved that it had the necessary funds, in the form of cash and a mortgage commitment, to pay the purchase price as of the assigned closing date. Under those circumstances, the factfinder was free to conclude that Haitian Nazarene had not

---

[2] Imani's position was weaker still, because the provision at issue only required Haitian Nazarene to "use diligent efforts" to secure financing. Imani points to no evidence that Haitian Nazarene was not acting diligently.

7

materially breached, and that Imani was not justified in refusing to honor its side of the bargain.

Because we find that the evidence amply supports the jury's verdict, the judge did not abuse his discretion in denying Imani Temple's motion for a new trial.[3,4]

---

[3] Imani also argues that the Superior Court judge's handwritten endorsement denying its motion for a new trial is "insufficient for meaningful appellate review."  While brief, the judge's endorsement conveys his reasonable conclusion that the evidence presented at trial supported the jury's verdict.  While further findings are appreciated, there was no error here, particularly "where the ultimate conclusion is clearly evident from the record."  Commonwealth v. Melo, 95 Mass. App. Ct. 257, 263 (2019), quoting Commonwealth v. Lanoue, 392 Mass. 583, 586 n.2 (1984).  Absent "contrary findings the denial of the motion 'imports a finding of all subsidiary facts necessary to justify the action taken.'"  Johnson v. Johnson, 300 Mass. 24, 28 (1938), quoting Trade Mut. Liab. Ins. Co. v. Peters, 291 Mass. 79, 85 (1935).

[4] Haitian Nazarene requests an award of appellate attorney's fees, citing, among other grounds, Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).  In our discretion, we grant the request for attorney's fees under Mass. R. A. P. 25, which provides for an award of fees "[i]f an appellate court determines that an appeal in a civil case is frivolous."  An appeal is "frivolous" "where there can be no reasonable expectation of a reversal under well-settled law."  Dacey v. Burgess, 491 Mass. 311, 319 (2023), quoting Abuzahra v. Cambridge, 486 Mass. 818, 829 (2021).  We agree with Haitian Nazarene that Imani's brief fails to advance any reasonable arguments for reversing the trial court judge's denial of Imani's motion for a new trial.  Haitian Nazarene shall file with this court and serve on Imani a submission detailing and supporting the amount of its attorney's fees and costs incurred on appeal, in accordance with the procedure described in Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

8

<u>Judgment affirmed</u>.

<u>Order denying motion for new trial affirmed</u>.

By the Court (Vuono, Singh & Englander, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  October 19, 2023.

---

[5] The panelists are listed in order of seniority.